UNITED STATES of America,
Plaintiff-Appellee,

v.

**74.60 ACRES OF LAND, MORE OR LESS,** Situate **IN MIAMI COUNTY, STATE OF INDIANA,** and **J. Bart Conn, et al.,** and Unknown Owners, Defendants-Appellants.

No. 15245.

United States Court of Appeals Seventh Circuit.

March 8, 1966.

Richard P. Stein, U. S. Atty., Robert W. Geddes, Asst. U. S. Atty., Indianapolis, Ind., for appellant.

Nola A. Allen, Indianapolis, Ind., for appellee.

Before KNOCH, KILEY, and SWYGERT, Circuit Judges.

**144**

Roland Obenchain, Jr., Milton A. Johnson, South Bend, Ind., for appellants.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Washington, D. C., Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., Kenneth P. Fedder, Asst. U. S. Atty., South Bend, Ind., Roger P. Marquis, Elizabeth Dudley, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before DUFFY, SCHNACKENBERG and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

J. Bart Conn and 74.60 Acres of Land, more or less, situate in Miami County, State of Indiana, defendants, appeal from a judgment in favor of the United States of America entered November 4, 1964, and an order overruling a motion for a new trial.

The United States instituted condemnation proceedings to acquire said land for use in connection with the construction and operation of a reservoir.

Following a trial before a jury, a verdict was returned determining just compensation to be $17,500. The evidence showed that the land taken was a farm improved with a house about 100 years old and several other farm buildings. Some of the land was a pasture, some in woods, and some cultivable.

The opinion evidence as to value differed, that of defendants' witnesses ranging between $23,000 and $39,000. The government presented three appraisal witnesses, whose estimates ranged from $14,500 to $15,500.

Defendant Conn's motion for a new trial was denied and this appeal followed.

Defendants introduced evidence tending to show that the subdivision of the area here involved into rural homesites of about five acres each is the highest and best use to which the property taken by the government is adaptable and that there is a demand in that area for such homesites. On the other hand, the government, to prove the value of the land taken, introduced the testimony of witness Bell as to the values of farm lands, which consisted of several sales in the years 1958, 1959, 1960 and 1962. However, on cross-examination, Bell admitted that the lands involved in these sales were in the area to be flooded by the dam to be constructed by the government on the land being condemned and further that in 1958 it became a matter of public knowledge in the area that the dam was to be built, and where, and how much land was to be flooded. These sales occurred after the public knew the dam was to be constructed there. This evidence of the government is indicative of the yardstick which it presented to the court and jury for a determination of the value of plaintiff's property. Obviously, the transactions to which Bell alluded were sales of farm lands under pressure. They were not sales by an owner willing but not forced to sell. Such evidence should not have been admitted or, if received, the jury should have been properly instructed as to the weight to be given to it. The court did not so instruct the jury; on the contrary, it did instruct

"* * * The United States is not required to pay for *increases* in market value which it has itself created either by virtue of the project it has undertaken or by virtue of its demand for property in the area." (Italics added.)

However, the court did not caution the jury as to its consideration of evidence of the farm land values which had been *decreased* by said taking. We believe

that the failure of the court to instruct on both effects of the taking by the government produced an unfair advantage for the government and a corresponding disadvantage to defendants.

This injustice can be remedied only by reversing the judgment of the district court and remanding this cause for a new trial.

Other reasons have been presented by defendants in their brief in support of their contention that errors were committed in the trial of this case. However, we consider it unnecessary to extend this opinion by disposing of these contentions, inasmuch as such alleged errors may not be repeated upon a second trial.

Reversed and remanded for a new trial.

Lumbard, Chief Judge, dissented.