STATE OF INDIANA *v.* SOVICH ET AL.

[No. 868-S-131. Filed December 3, 1969.]

*Theodore L. Sendak,* Attorney General, *Richard V. Bennett,* Deputy Attorney General, *Duejean C. Garrett,* Deputy Attorney General, for appellant.

*Michael C. Harris, Robert A. Welsh,* Chesterton, for appellees.

JACKSON, J.—This is a condemnation action brought by the appellant to appropriate certain real estate owned by the appellees for the purpose of widening and improving U. S. Highway 12. Appellant filed its complaint in the Circuit Court of Porter County, Indiana, on September 30, 1966, which complaint, omitting formal parts, reads as follows:

### "COMPLAINT FOR APPROPRIATION OF REAL ESTATE

### NUMBER 1

The plaintiff, State of Indiana, complains of the above-named defendants, and says: That the plaintiff, acting through its legally organized and constituted Commission, known and designated as the Indiana State Highway Commission, is now engaged in the improvement of a certain public highway in Porter County, Indiana, said highway being known as Road No. U. S. 12 Project F-31 (20), said highway being one of and a part of the State Highway

System of the State of Indiana and the same is to be improved and maintained by said Highway Commission as a part of said State Highway System. That, under the plans of said Commission, now on file in its office, said highway is to be constructed, used and maintained by plaintiff, through said Commission, as a limited access facility as defined and authorized under the Act of the General Assembly of Indiana of 1945, Chapter 245, and subject to such regulations as therein provided as to access or use or to such subsequent regulations or use as may be made, adopted or provided by law governing such highways or highways in general.

## NUMBER 2

That the defendants Nick Sovich and Doris Sovich (H&W) are the owners of certain real estate in said county in which is included the real estate hereby sought to be appropriated and condemned. Defendants' said real estate is described as follows:

A parcel of land in the fractional N ½ of Sec. 32, Twp. 37 N., R. 6 W. of the 2nd P. M., described as beginning at a point on the South line of the Dunes Highway, said point being located a distance of 2353.9 feet East and 1646 feet South of the Northwest corner of said Sec. 32, and running thence South 210 feet, more or less, to the Northerly line of a public highway; thence Northeasterly along the Northerly line of said highway to the intersection of said Northerly line with the South line of Dunes Highway; and thence West along said South line of Dunes Highway 308 feet, more or less, to the place of beginning, containing 0.75 of an acre, more or less, subject to all legal highways.

A parcel of land in the W ½ of the NE ¼ of Sec. 32, Twp. 37 N., R. 6 W. of the 2nd P.M., described as commencing at a point on center of Dunes Highway known as U.S. #12 and 903.06 feet West of the East line of said W ½ quarter section; thence South, parallel to said East line a distance of 214 feet to a point; thence South 67 degrees and 20 minutes West, a distance of 240 feet; thence at the internal angle of 89 degrees and 30 minutes Northwesterly a distance of 347.94 feet to a point on the center of said pavement; thence Easterly along the center and 2 degrees of curve line a distance of 353.3 feet to a point of beginning, containing 1.80 acres more or less, subject to all legal highways.

## NUMBER 3

Plaintiff is informed and verily believes that the defendants, Hobart Federal Savings and Loan Association, Bank of

Indiana, Nat'l. Association, as Survivor of Gary Trust and Savings Bank; Continental Oil Company a foreign corporation, claim and assert an interest in and to the real estate described in Paragraph 2.

Plaintiff alleges that ownership of the fee in and to the real estate is set forth in Rhetorical Paragraph 2 and said defendants last above mentioned are made a party thereto, to answer as to any right, title or interest they may have in and to the real estate set forth in said Rhetorical Paragraph 2.

## NUMBER 4

That for the purpose of improving said highway, it is necessary and proper that plaintiff take and appropriate under the powers vested in it by the General Assembly of the State of Indiana, the fee simple title to part of said tract of real estate described in Paragraph 2 herein. The part so sought to be appropriated and condemned is described as follows:

Sheet 1 of 3

Project F-31 (20)                    Parcel 3 in Fee-limited Access

A parcel of land in the fractional N ½ of Sec. 32, Twp. 37 N., R. 6 W. of the 2nd P. M., described as beginning at a point on the south line of the Dunes Highway, said point being located a distance of 2,353.9 feet east and 1,646 feet south of the northwest corner of said sec. 32, and running thence south 210 feet, more or less, to the northerly line of a public highway; thence northeasterly along the northerly line of said highway to the intersection of said northerly line with the south line of Dunes Highway; and thence west along said south line of Dunes Highway 308 feet, more or less to the place of beginning, containing 0.75 of an acre, more or less.

Jimmy D. Hufford
Registered No. 11243
State of Indiana
Land Surveyor

/s/  Jimmy D. Hufford
Sept. 26, 1966

Sheet 2 of 3

Project F-31 (20)                    Parcel 3A in Fee-limited Access

A part of the west half of the northeast quarter of Section 32, Township 37 North, Range 6 West, Porter County, Indiana, described as follows: Beginning at the intersection of

the existing south boundary of U.S.R. 12 (Dunes Highway) and an east line of the owner's lands, which said east line is parallel with and 903.06 feet westerly of the east line of said half-quarter section; thence southerly 183.02 feet along said east line of the owners' lands; thence northwesterly 268.04 feet along an arc to the right and having a radius of 3,404.04 feet and subtended by a long chord having a bearing of north 86 degrees 26 minutes 40 seconds west and a length of 267.97 feet to a southwestern line of the owners' lands; thence northwesterly 194.76 feet along said southwestern line to the existing south boundary of U.S.R. 12; thence easterly 345.33 feet along said south boundary to the point of beginning and containing 1.185 acres, more or less.

> Jimmy D. Hufford
> Registered No. 11243
> State of Indiana
> Land Surveyor
> /s/ Jimmy D. Hufford
> Sept. 26, 1966

Sheet 3 of 3

Project F-31 (20)                Parcel 3 in Fee-limited Access

TOGETHER with the permanent extinguishment of all rights and easements of ingress and egress to, from, and across the limited access facility (to be known as U.S.R. 12 and as Project F-31 (20) to and from the owners' abutting lands. This restriction shall be a covenant running with the land and shall be binding on all successors in title to the said abutting lands.

> Jimmy D. Hufford
> Registered No. 11243
> State of Indiana
> Land Surveyor
> /s/ Jimmy D. Hufford
> Sept. 26, 1966

A blue-print sketch plat of the above described real estate sought to be appropriated and identified by means of cross-hatched lines is attached hereto and made a part hereof and designated as Exhibit 'A'.

## NUMBER 5

That the residue of said real estate described in Paragraph 2, and owned by the above-named defendants, will be benefited by said proposed improvement of said road as alleged herein.

## NUMBER 6

That prior to the bringing of this action, the plaintiff, through the said Indiana State Highway Commission, made an effort to purchase said real estate described in Paragraph 4 from the above-named owners, but that the plaintiff and said owners have been unable to agree as to the purchase price thereof, or as to the amount of damages, if any, sustained by said defendants by reason of the appropriation of said real estate for the use hereinbefore stated.

## NUMBER 7

That prior to the bringing of this action the said Indiana State Highway Commission adopted a resolution setting forth the description of said real estate sought to be acquired by it, as above set forth, which said resolution alleged and set forth that said real estate herein sought to be condemned was necessary for the carrying out of said highway improvement project and directed that condemnation proceedings therefore be instituted by the Attorney General in the name of the State of Indiana.

## NUMBER 8

That said highway so to be improved extends from the Illinois-Indiana state line in Lake County proceeding around Lake Michigan through Lake, Porter and LaPorte Counties and terminating at the Indiana-Michigan state line in LaPorte County. THAT THE COURSE AND TERMINI OF THE PARTICULAR PROJECT INVOLVED IS AS FOLLOWS: Beginning at a point near the centerline of existing U.S. Route 12 approx. 2,500 feet East of the west line of Section 32, Township 37 North, Range 6 West and extending Northeasterly a distance of approx. 8,600 feet to a point near the centerline of existing U.S. Route 12 approx. 4,300 feet East of the west line of Section 28, Township 37 North, Range 6 West all in Porter County,

in Porter County, State of Indiana, and said right of way is to be 250 feet wide, excepting where additional width may be required for construction purposes.

## NUMBER 9

That the plaintiff, through said Indiana State Highway Commission, intends to use the real estate herein sought to be condemned for the purpose of the improvement of said highway and the widening thereof, and said real estate as herein described is necessary and proper for the carrying out of said work, and said real estate when obtained will be used for such purpose.

## NUMBER 10

WHEREFORE, the plaintiff prays that three disinterested freeholders of said county be appointed to appraise the value of the real estate sought to be condemned, and to fix the amount of benefits and damages, if any; and that such appraisers be ordered to report their appraisement, as by law provided, and that all other steps be taken and all proceedings had necessary for the Indiana State Highway Commission to acquire, by the right of eminent domain, the real estate so sought to be condemned for the purpose aforesaid."

Pursuant to notice the court on October 28, 1966, the parties being present and it appearing that defendants had entered their appearance, examined the complaint, heard the evidence and being duly advised in the premises found that plaintiff's complaint was true, that plaintiff was entitled to condemn and appropriate the land so sought and described therein and that appraisers should be appointed to view said real estate and assess damages, if any, to which defendants may be entitled. The court then entered its order condemning the land described in the complaint, appointed three disinterested freeholders of that county to assess the damages and benefits, if any, sustained by the defendants as a result of such appropriation.

The chronology of events thereafter is as follows:

On December 5, 1966, appraisers reported the total damages to be $81,027.50.

On the same day appellant filed exceptions to the report of the appraisers and filed a request for jury trial.

On December 8, 1966, appellees filed exceptions to the report of the appraisers and requested a jury trial.

On March 19, 1968, the cause was submitted for trial by jury.

On March 22, 1968, the jury returned a verdict for appellee in the sum of $100,000.00.

On April 5, 1968, the court rendered judgment on the verdict so rendered, such judgment in pertinent part reads as follows:

"Comes now the State of Indiana and comes now the defendants, Nick Sovich and Doris M. Sovich, his wife, by their respective attorneys of record duly authorized and the issue formed on the exceptions of plaintiff and defendants having been submitted to the jury for a trial and the jury having returned its verdict hereon March 22, 1968, finding that defendants, Nick Sovich and Doris M. Sovich, his wife, have sustained damages exclusive of interest in the sum of One Hundred thousand dollars ($100,000.00) which together with interest computed by the court in the amount of $1585.02 amounts to a total damage in the amount of $101,585.02 on account of the appropriation by plaintiff of the fee simple title for highway purposes in their land and the construction and erection thereon by plaintiff of the limited access four lane divided U.S. Highway No. 12.

And it further appearing to the court from the record in this cause that December 5, 1966 the appraisers appointed in this cause filed herein the report of appraisers assessing the damages of the defendants at $81,027.50.

And it further appearing to the court that on the 30th day of December, 1966, plaintiff paid to the Clerk of this court the damages assessed to the defendants by the appraisers and on the 30th day of December, 1966, said defendants pursuant to the order of the court entered their written request and withdrew and received from the Clerk of this court the sum of $73,583.00 and filed with the Clerk their written undertaking conditioned upon the repayment to plaintiff of all sums received from the Clerk in excess of the amount or amounts awarded to said defendants by the judgment of this court upon the trial of such exceptions.

WHEREFORE the court being fully advised in the premises now renders and enters judgment in this cause as follows:

It is considered, ordered, adjudged and decreed by the court that the defendants, Nick Sovich and Doris M. Sovich, his wife, have and recover from the plaintiff, the State of Indiana, the sum of $101,585.02 said sum being the difference between the total of the amount awarded to said defendants by the jury herein and interest thereon and the amount of the sums withdrawn by the plaintiffs as heretofore set out together with their costs herein laid out and expended.

It is further considered, ordered, adjudged and decreed by the court that the written undertakings heretofore filed by the defendants as principals should be and they are hereby cancelled and the defendants are hereby relieved of all liability thereon.

It is further considered, ordered, adjudged and decreed by the court that upon payment by the plaintiff, State of Indiana, of the judgments herein rendered title to the land appropriated by the plaintiff in this cause shall be vested in the plaintiff and that upon such payment the Clerk of this court is hereby directed to execute and deliver his Clerk's deed to the plaintiff dated as of the date of the vesting of title conveying to the plaintiff the land appropriated by the plaintiff herein which conveyance shall be subject to all non-delinquent taxes and assessments and which deed shall be dated as of the date of such payment."

April 20, 1968, appellant filed its Motion for New Trial, with supporting memorandum, the same encompassing twenty-eight pages of record and contains 25 alleged separate errors all of which in the interest of brevity are omitted.

On May 27, 1968, the court denied appellant's Motion for New Trial. On appeal appellant's Assignment of Errors is the single specification: "1. The Court erred in overruling Appellant's motion for a new trial."

From the evidence adduced at trial it appears that the real estate in question is located in Porter County, Indiana, and consisted of two parcels totaling approximately two and one-quarter acres. The parcels were situated at the intersection of U.S. Highway 12 and County Road. One parcel was triangular in shape, containing three-fourths of an acre, and had approximately three hundred feet of frontage on U.S. 12. The other parcel contained one and one-half acres with three hundred-forty feet of frontage on U.S. 12. On this second parcel were located a frame house and several other buildings. All of the appellee's property described above, with the exception of a plot totaling approximately one third of an acre, was taken by the appellant.

Although appellant's Motion for New Trial contains numerous allegations of error, appellant in its brief argues only

three grounds for reversal. Accordingly, appellant has thereby waived all other allegations of error. Supreme Court Rule 2-17; *State v. Porter County Drainage Bd.* (1968), 250 Ind. 216, 235 N. E. 2d 491.

Appellant's first contention is that the trial court erred in granting the appellee's motion to strike certain testimony from the record. The testimony involved was that of Mr. Kenneth Chitwood, an expert witness called by the appellant. On direct examination Mr. Chitwood testified that his estimate of the value of the property was based, in part, on the future development of the area. He concluded that the future development would impair the value of the property as sites for modern service stations, and that the highest and best use of the land would be as commercial or industrial sites. On cross-examination, the witness stated that his opinion as to value was partially based on the changes that would be brought about upon completion of the project for which appellees' property was being taken. Further, the witness stated that he knew, at the time of the taking, that there would be changes in traffic patterns occasioned by the highway project. The appellees then moved to strike the witness's testimony "solely with respect to the value of the land." This motion was sustained by the trial court.

Appellant contends that the witness was not in error in considering the changes in traffic patterns resulting from this highway building program. Appellant argues that the matter could properly be considered in that it affected the sale value at the time of the taking. Thus, the State contends, in effect, that the trier of fact may properly consider, in determining the value of the property being condemned, the decrease in market value occasioned by the same project for which it is necessary to take the property in the first place.

It is difficult to imagine a more specious argument. If appellant's argument were adopted by this Court it would be a simple matter for any condemnor to depress property

■ values merely by publishing details of the planned project. Although this Court has never addressed itself to this precise issue, it is cear that the weight of authority holds that neither an increase nor a decrease in the market value of the property sought to be taken, which is brought about by the same project for which the property is being taken, may be considered in determining the value of the property. *Maryland National Park and Planning Commission* v. *McCaw* (1967), 229 A. 2d 584; *United States* v. *74.60 Acres* (1966), 358 F. 2d 143; *United States* v. *Miller* (1942), 317 U. S. 369; *Kerr* v. *South Park Commissioners* (1886), 117 U. S. 379.

As was stated by the Supreme Court of Florida in *State Road Department* v. *Chicone* (1963), 158 So. 2d 753:

> "If this rule were followed it would permit a condemnor to depreciate property values by threat of condemnation and take advantage of the depressed value which resulted by paying the landowner the depreciated value. This would amount to a confiscation of an owner's property to the extent of the decrease in value * * *.

Therefore, it was not error for the trial court to grant appellees' motion to strike.

Appellant contends, that the appellee "opened the door" to the testimony in that appellees' own witnesses testified as to the future developments in the area. It is true that ■ appellees' witnesses testified as to future developments. However, those developments as to which appellees' witnesses testified were projects which were either already in existence or under construction at the time of the taking. Further, they were projects independent of the highway project for which appellees' property was being condemned. Consequently, the testimony of appellees' witnesses did not result in a waiver of any objection to Mr. Chitwood's testimony.

Finally, appellant contends that appellee waived any objection to Mr. Chitwood's testimony by reason of appellees' fail-

ure to timely object while the witness was being questioned on direct examination. However, appellees argue that it was never made clear on direct examination whether the witness was testifying to the value of the property, the highest and best use of the property, or was merely discussing future changes. On cross-examination by the appellees it was made clear that the witness was considering the effects of the highway project requiring the condemnation of appellees' land in this action in determining the value of appellees' land. It was at this time, when the basis, in part, of the witness's opinion as to value was made clear, that the appellees moved to strike the witness's testimony as to value. This motion to strike was granted by the trial court.

It is clear from the record that on direct examination there was nothing to indicate that the witness was basing his opinion, in part, on the effects of the highway project. This was only made clear on cross-examination of the witness. Thus, the motion to strike was not untimely since it was made when the objectionable nature of the testimony as to value first became known. *Healey, Admr.* v. *Healey* (1952), 123 Ind. App. 155, 109 N. E. 2d 101; *Ross* v. *The State* (1894), 9 Ind. App. 35.

Therefore, the trial court did not err in sustaining appellees' Motion to Strike.

DeBruler, C.J. and Arterburn, Hunter and Givan, JJ., concur.

NOTE.—Reported in 252 N. E. 2d 582.