**INDIANA & MICHIGAN ELECTRIC COMPANY, an Indiana Corporation, Plaintiff-Appellant,**

v.

**Paul E. SPIEHLER, Mary Spiehler, Defendants-Appellees.**

No. 1–780A188.

Court of Appeals of Indiana, First District.

April 27, 1981.

Rehearing Denied June 17, 1981.

Thomas W. Yoder, Livingston, Dildine, Haynie & Yoder, Ft. Wayne, for plaintiff-appellant.

John A. Hargis, Wagoner, Ayer & Hargis, Rockport, Roger W. Brown, Jasper, for defendants-appellees.

ROBERTSON, Judge.

The plaintiff-appellant, Indiana & Michigan Electric Company (I. & M.), is appealing from a $75,000 jury verdict in favor of the defendant-appellees, Spiehlers, and resulting from I. & M.'s condemnation of 13.-707 acres belonging to Spiehlers. We affirm.

I. & M. raises two issues, one concerning the admission of certain evidence and the other asserting excessive damages.

I. & M. presented evidence regarding the necessity of condemning Spiehlers' property for a coal storage area as a part of a power plant. As might be expected, that evidence had the effect of extolling the excellent and unique qualities of the property toward the end of proving the necessity for condemnation. Later, at the trial, to establish damages, the Spiehlers, in proving highest and best use, utilized two expert witnesses who, in I. & M.'s view, "parroted" evidence given earlier at the "necessity" hearing. I. & M. regards the admission of this evidence as error, for the reason that the condemnor's activities regarding the property taken cannot be considered by the jury in assessing damages. *State v. Sovitch*, (1969) 253 Ind. 224, 252 N.E.2d 582. We fail to see the evidence in the light advocated by I. & M. Spiehlers' witnesses testified about the existence of features (flat land, geographic location, zoning, etc.) which existed before I. & M.'s arrival on the scene. In other words, the condemnor's presence or activities had no bearing upon the existence of these qualities of the property in question. Nor do we believe that there can be any serious argument made that these considerations were not proper in aiding the trier of fact's determination of highest and best use for the purpose of ascertaining damages.

Neither do we find the damages of $75,000 to be excessive. The amount was within the bounds of the evidence presented at trial. *City of Indianapolis v. Schmid*, (1969) 251 Ind. 147, 240 N.E.2d 66. In fact, the judgment was more than $11,000 lower than the damages ascertained by the court appointed appraisers.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.