Gary Lee JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 681S173.

Supreme Court of Indiana.

March 26, 1982.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On January 26, 1981, Gary Lee Johnson was found guilty of Confinement, a Class B Felony; Rape, a Class A Felony; and Criminal Deviate Conduct, a Class A Felony. He was also found to be an Habitual Offender. He was sentenced to imprisonment for twenty (20) years on Count I, Confinement; fifty (50) years on Count II, Rape; fifty (50) years on Count III, Criminal Deviate Conduct, and thirty (30) years for being an habitual criminal. All sentences are to run consecutively. Johnson appeals.

Appellant Johnson alleges that the court erred in overruling his Motion for Mistrial and in denying his motion for continuance. He also claims that the verdicts were based on insufficient evidence and that the sentencing is in error.

The ten-year-old victim, C. C., lived with her mother, brothers and sisters, and her mother's boyfriend. On August 25, 1980, they had gone to a drive-in. After coming home at 1:00 a. m., August 26, C. C., went to bed alone in her brother's room. She was awakened by a white man wearing green pants. He had her mother's boyfriend's watch, five dollars and a knife in his hand. He put the knife to her throat and told her to get up. They walked out the front door of the apartment to the rear of the building and went into the basement. C. C., observed that the sun was coming up and that they went downstairs to the basement which was dark. The basement room was in back of and on the other side of the building from where she lived. There was a mattress in the room. She was told to take off her clothes and to lie on the mattress. The man took of his pants and laid on the mattress, placing the knife beside the mattress. He then put his penis in her vagina and in her anus. She was then told to put her clothes on and taken to another room in the basement after the man dressed

and picked up the knife. He told her that his name was Ray and said, "What if I'm Joe's son?" C. C., testified that she hurt and bled as she got dressed. She then laid on another mattress in another room of the basement. The man told her that if she told anyone what had happened he was going to kill all of her family. She guessed that they were in the basement for about an hour and a half. After she left the second mattress, she went back to her home. She saw the man get in a dark green car and take off down the alley. When C. C., went back to her apartment about 7:00 o'clock she awakened her mother and asked her mother if she could bathe. She was still bleeding and told her mother's boyfriend that she had cut her foot. She admitted that she did not tell her mother immediately what had happened as she was scared. She went to the hospital that night and stayed there for ten (10) days. While she was in the hospital she told her mother what had happened and also told Detective Deal.

Detective Deal showed C. C., approximately twelve (12) photographs. C. C., identified State's Exhibit # 1 as being the photograph she picked out, and stated that this was a photograph of the man who had put his penis in her vagina, "butt", and mouth. She had seen him on one or two previous occasions with a woman in a blue Cadillac behind her apartment. She also identified the defendant in court as being her attacker.

## I.

Appellant first claims that the court erred in overruling his motion for mistrial. A written Motion in Limine was granted by the trial court which simply requested that "the state and any of their witnesses be instructed not to mention or refer in any way to any other alleged crime of the defendant, Gary Lee Johnson . . . ." The following exchange took place on direct examination between the prosecutor and the victim:

"Q. Did he tell you anything else about anything else he had done?

A. Killed another girl."

Record at 167.

Defense counsel objected and moved for mistrial. The court sustained the objection and admonished the jury to disregard the statement. The motion for mistrial was denied. Appellant contends that allowing the trial to continue denied him his right to a fair trial.

■ Johnson's objection came after the question had already been asked and answered. The court promptly admonished the jury. As a general rule, a party must make his objection to a question before the answer is given in order to preserve the issue for appeal. *See Tinnin v. State*, (1981) Ind., 416 N.E.2d 116, 118. Here it appears that the question was not objectionable; rather the answer was objectionable. In such circumstances, an exception is recognized. *See State v. Sovich*, (1969) 253 Ind. 224, 252 N.E.2d 582; M. Seidman, *The Law of Evidence in Indiana*, p. 50 (1977). Because the objectionable answer could not have been anticipated, the requirement of an objection prior to an answer being given is not imposed.

■ However, here, the objection was made and sustained and a prompt admonition was given by the trial court. An admonishment to the jury is presumed to cure any error. The granting of a mistrial is within the sound discretion of the trial court and clear error in the court's overruling of a motion for mistrial must be shown to mandate reversal of a conviction. *Flewallen v. State*, (1977) 267 Ind. 90, 368 N.E.2d 239, 242.

■ In addition, appellant was not placed in a position of "grave peril" to which he should not have been subjected. The jury had already heard without objection other statements of appellant's threats. Appellant had told the victim if she told anyone what had happened, he was going "to come

down and kill all of us." The court could have reasonably concluded that the answer under consideration was not more prejudicial than those statements admitted without objection. There is no error on this issue.

## II.

■ Appellant next argues that the trial court erred in refusing to grant his motions for continuance, claiming that he had inadequate opportunity to prepare his defense. Johnson filed two written motions for continuance; one on January 21, 1981, and one on January 23, 1981. Both were denied by the trial court. Appellant concedes that neither of these motions were within the statutory grounds found at Ind. Code § 35-1-26-1 (Burns 1979). He also correctly notes that the ruling on a motion for continuance not based upon statutory grounds is within the sound discretion of the trial court and will be reversed only for an abuse of discretion. In order to demonstrate an abuse of discretion, the record must reveal that the defendant was prejudiced by the failure to grant the continuance. *Dorton v. State*, (1981) Ind., 419 N.E.2d 1289. The first motion requested additional time to have tests performed on the defendant to determine whether or not he had a venereal disease similar to that occurring in the victim. No evidence of this disease was presented to the jury by the State. Johnson's counsel questioned Dr. Rogers regarding C. C., having herpes type 2, and he answered that they had a report that she had a positive test for herpes type 2, but that there was no way to tell how long she had had this disease although it could have been extremely short, such as days, and that he did not know the doctor who had prepared the report.

■ There is no demonstration by the defendant that the denial of this motion for continuance prejudiced him or that he could not have been tested for venereal disease without a continuance. We could only speculate as to what the results of such tests would have been had they been performed. We find no abuse of discretion in this denial. *See White v. State*, (1975) 263 Ind. 302, 330 N.E.2d 84.

■ Three days prior to trial, on January 23, 1981, defendant filed his motion for continuance for time to locate two defense witnesses who he had not yet been able to subpoena. Those witnesses related to Johnson's alibi. Notice of Alibi had been given to the State and filed with the court on January 16, 1981. These witnesses testified at trial in his behalf. Therefore, we find no abuse of discretion. Defense counsel claims he could not have interviewed the witnesses and could not seek other verification evidence in such a short time. Appellant does not specify any other verification testimony that he could have obtained from these witnesses if he had had additional time. These witnesses did testify and there is no evidence defendant was prejudiced. Since we have only appellant's assertion that he would have liked to have had more time, we can find no abuse of discretion in the denial of this motion.

## III.

Appellant next argues that the evidence was insufficient to prove he committed the offenses. In brief he argues that the primary witness, the victim, based her identification on the fact that her assailant said "What if I'm Joe's son" and not on observation. He also argues that he had several tattoos on his arms and on his chest and that the victim testified that she did not notice anything unusual about her attacker's arms or chest. He claims there were inconsistencies in her testimony and that she was unable to observe her attacker.

■ Appellant acknowledges that the uncorroborated testimony of a victim is sufficient to support a rape conviction and that identification testimony need not necessarily be unequivocal in order to sustain a conviction.

■ Here there was sufficient evidence to sustain the jury's verdicts against John-

son. C. C., identified Johnson from a photographic array and in court. The basement was dark and she did not notice any tattoos on his arms or chest. However, she saw him clearly after emerging from the basement after she was released and he was fleeing in a dark green car. Other evidence was heard that she had seen this man before and that she could see him well when released because the sun was coming up. Other witnesses testified that Appellant was wearing clothing similar to that described by the victim during the time involved, and that he had a dark green car. There was sufficient evidence introduced at trial to sustain the jury's verdicts. See *Dobrzykowski v. State*, (1978) Ind., 382 N.E.2d 170.

### IV.

Appellant finally claims that the trial court erred in sentencing him to consecutive terms of imprisonment, and that the sentence imposed was manifestly unreasonable and violative of the United States Constitution and the Indiana Constitution. He argues that the physical damage to the victim was due to the disparity in age between them, and not due to intentional or ritualistic torture or abuse of the victim. C. C., sustained a laceration of the posterior vaginal wall extending into the rectal canal, with extensive laceration of the vagina. In addition, the anal sphincter had been torn completely.

■ There is no merit to this issue. The sentencing court noted aggravating circumstances set out at Ind. Code § 35–4.1–4–7(c)(1–4) · Ind. Code 35–50–1A–7(c)(1–4) (Burns 1979) to be present in this case. The court could reasonably conclude that the sentences imposed were within the statutory limitations and did not constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the Constitution of the United States. *Bumgardner v. State*, (1981) Ind., 422 N.E.2d 1244. Neither do these sentences violate the Indiana Constitution. *Norris v. State*, (1979) Ind., 394 N.E.2d 144, 150.

■ Although this issue was not raised on appeal, we note that the trial court sentenced appellant to thirty (30) years on Count V, Habitual Criminal, which sentence was to run consecutively to the sentence on Count III. The enhanced penalty under the habitual criminal statute is imposed for the underlying crime involved in the current proceedings. *Collins v. State*, Ind., 415 N.E.2d 46. Section 35–50–2–8 (Burns 1981 Supp.) does not impose punishment for a separate crime, but provides a more severe penalty for the crime charged. *Howard v. State*, (1978) 268 Ind. 589, 377 N.E.2d 628, *cert. denied* 439 U.S. 1049, 99 S.Ct. 727, 58 L.Ed.2d 708.

■ The trial court in sentencing should specify which crime is being enhanced by the thirty (30) year term. An habitual offender sentence is an enhanced sentence imposed for the last crime committed, and not an additional penalty for earlier crimes, nor a separate criminal charge. *Ferguson v. State*, (1980) Ind., 405 N.E.2d 902; *Wise v. State*, (1980) Ind., 400 N.E.2d 114. The statute does not establish a new offense or separate crime, but merely provides for the imposition of a greater sentence for the substantive crime charged. *Hall v. State*, (1980) Ind., 405 N.E.2d 530.

We remand this cause for correction of the sentence to reflect proper sentencing procedure. The sentencing statute requires that the appellant, when found to be an habitual criminal, shall be sentenced to an additional thirty (30) years as an enhanced sentence for an underlying felony. The trial court is in all other respects affirmed.

GIVAN, C. J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.