## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 15 2016, 8:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

David L. Steiner
Deputy Attorney General
Indianapolis, Indiana

Yasmin L. Stump
J. Eric Rochford
Yasmin L. Stump Law Group, PC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Thomas R. Malapit, Jr.
Joshua A. Brown
McKinney & Malapit, P.C.
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Monroe Liberty, LLC,<br>*Appellee-Defendant* | July 15, 2016<br><br>Court of Appeals Case No.<br>53A05-1508-PL-1009<br><br>Interlocutory Appeal from the<br>Monroe Circuit Court<br><br>The Honorable Frances G. Hill,<br>Judge<br><br>Trial Court Cause No.<br>53C06-1402-PL-402 |

**Crone, Judge.**

# Case Summary

[1] The State of Indiana brings this interlocutory appeal in an eminent domain action involving the taking of real property owned by Monroe Liberty, LLC, for the extension of I-69 from Evansville to Indianapolis. This action is in the damages phase, which has yet to be tried by the jury.[1] The subject of this appeal is the "Trial Order for June 23, 24, 2015" ("the Order"), denying the State's motion in limine. On appeal, the State contends that the trial court erred in refusing to exclude certain evidence and testimony. Specifically, the State asserts that certain evidence and testimony pertaining to the highest and best use and/or the value of Monroe Liberty's property is inadmissible because that evidence and testimony are based wholly or partly on the construction and completion of I-69, the project for which the property is being taken.[2] Because we conclude that the evidentiary issues raised by the State are not ripe for our review, we dismiss the State's appeal.

# Facts and Procedural History

[2] Monroe Liberty is owned and managed by Leo Hickman. On or about February 15, 2011, Monroe Liberty purchased a vacant house on 2.818 acres ("the Property"), commonly known as 2201 West Fullerton Pike, Bloomington.

---

[1] The first phase of an eminent domain proceeding concerns the propriety of the taking itself, while the second phase deals with the issue of just compensation. *Hass v. State, Dep't of Transp.*, 843 N.E.2d 994, 998 (Ind. Ct. App. 2006), *trans. denied*.

[2] Monroe Liberty purports to file a cross-appeal, but it does not ask for relief from any part of the Order. Its argument is not actually a cross-appeal but simply a counter-argument in support of the trial court's rulings.

The purchase price was $58,500. The Property is located on the southeastern quadrant of State Road 37 and Fullerton Park. Monroe Liberty spent approximately $46,700 to improve the house and began leasing it for residential use. The Property is zoned Agriculture/Rural Reserve ("AG/RR"), which permits general agricultural and residential uses. The Property is also located within the Business/Industrial Overlay District, which permits uses limited to those allowed in light industrial and heavy industrial districts.

The State offered Monroe Liberty $52,800 to acquire a 1.240-acre rectangular strip of the Property for the construction of I-69. This strip does not contain the rental house. Monroe Liberty rejected the State's offer.

On February 27, 2014, the State filed its eminent domain complaint. The trial court found that the State's taking was appropriate, and the action proceeded to the damages phase. Pursuant to Indiana Code Section 32-24-1-9, the trial court appointed three impartial appraisers.

Monroe Liberty retained Steven M. Shockley to provide an appraisal. Monroe Liberty also enlisted Herman Bernitt, formerly a licensed real estate agent, to testify as an expert regarding the highest and best use and the value of the Property. Bernitt had advised Hickman to purchase the Property in 2011. In addition, Monroe Liberty enlisted Michael L. Carmin, a real estate attorney, to serve as an expert on local zoning ordinances, describe the procedure for rezoning the Property from AG/RR to commercial, and provide his opinion that rezoning the Property for commercial purposes is very probable.

[6] In June 2015, the State filed its motion in limine and brief in support thereof. In relevant part, the State sought to exclude as inadmissible the reports and/or testimony of Shockley, Carmin, Bernitt, and Hickman, contending that they relied on the completion of I-69 to form their opinions on the highest and best use and the value of the Property.

[7] On June 18 and 19, 2015, the trial court held a preliminary hearing on expert qualifications. On June 23 and 24, 2015, the trial court held a hearing on the admissibility of testimony and evidence, including the remaining issues raised by the State's motion in limine. Based on the evidence provided at these two hearings, as well as witness depositions, the trial court issued the Order, which in relevant part provides as follows:

> Argument was heard on the State's motion to exclude testimony on the basis of the [Project Rule], set out in *State v. Sovich*, 252 N.E.2d 582 (Ind. 1969). The court rules that the [Project Rule], as stated in *Southtown Properties, Inc. v. City of Fort Wayne*, 840 N.E.2d 393, 400 (Ind. Ct. App. 2006) is a rule of relevancy that is applicable to this proceeding. The court adopts the restatement of *Sovich* from *Southtown Properties* that "evidence of changes in the value of property brought about by the project for which the property is being taken is irrelevant to the determination of the value of the property on the date of the condemnation, i.e. the date the condemnation action is filed." *Southtown Properties* at 400. This ruling by the court excludes any offered evidence (testimony, exhibits) on the effect of the construction or completion of the I-69 Highway project on the highest and best use for which the taken property is adaptable as of the date of taking … and the fair market value of the taken property on the date of taking. ….

All witnesses are subject to the above stated ruling of exclusion.

The court finds … that some witnesses considered the effect of the construction and completion of the I-69 Highway project in formulating their opinions of highest and best use, value of surrounding real estate, and determination of fair market value. The court also finds that the testimony … of all the witnesses challenged by [the State] considered additional factors that are relevant, besides the I-69 Highway project, in formulating their opinions. Some of the challenged witnesses, but not all, testified in person or by deposition (in essence) that their opinions would not change or were not based solely or significantly upon, the construction or completion of the I-69 Highway project. Because the opinions of the witnesses are based upon multiple factors that are relevant, the court denies the request of [the State] to exclude the testimony of a witness on the grounds that the witness stated … that the witness "considered" the construction or completion of the I-69 Highway in forming his opinion of highest or best use or fair market value or the value of surrounding real estate as to the property taken. [The State] may ask on cross examination if the witness based his opinion on the I-69 Highway project and the witness may testify as is necessary to answer the question. The court anticipates objections regarding whether the answer of a witness may include the relevancy of the I-69 Highway project to his/her opinion and whether [the State] has opened the door to testimony about the I-69 Highway project and how that affects highest and best use or valuation of the property taken.

Appellant's App. at 20-21. The Order also includes determinations specifically with respect to Hickman, Bernitt, and Carmin.[3] This interlocutory appeal ensued.

## Discussion and Decision

[8] The State asserts that the trial court abused its discretion by denying its motion in limine. Specifically, the State contends that reports and/or testimony of Shockley, Hickman, Bernitt, and Carmin regarding the highest and best use and/or the value of the Property is inadmissible because it violates the Project Rule adopted in *State v. Sovich*, 253 Ind. 224, 252 N.E.2d 582 (1969), and restated in *Southtown Properties, Inc. v. City of Fort Wayne ex rel. Dep't of Redevelopment*, 840 N.E.2d 393 (Ind. Ct. App. 2006), *trans. denied*.

[9] In *Sovich*, our supreme court articulated the Project Rule as follows: "neither an increase nor a decrease in the market value of the property sought to be taken, which is brought about by the same project for which the property is being

---

[3] The trial court found that Monroe Liberty agreed that Hickman will not testify as an expert, but that he can testify to his opinions on value and highest and best use within the confines of Evidence Rule 701. The trial court also found that "[h]e can testify as to intent to purchase the subject project for commercial purposes but not as to an intended specific future use such as a gas station." Appellant's App. at 21. As for Bernitt, the trial court concluded that Monroe Liberty qualified him as an expert on highest and best use but that he is not qualified as an expert on fair market valuation. The trial court also found that Bernitt may testify as a skilled witness on commercial sales that "he has personally been involved in if he clarifies his involvement on the record." *Id*. at 22. Finally, the trial court found that the parties agreed that Carmin's written report would not be offered into evidence and that neither the Monroe County Urbanizing Plan nor any ordinances or statutes that went into effect after the date of taking would be offered into evidence or testified to by Carmin.

taken, may be considered in determining the value of the property." 253 Ind. at 234, 252 N.E.2d at 588.[4]

[10] In *Southtown*, another panel of this Court discussed the Project Rule in the context of the Indiana Rules of Evidence, which were adopted subsequent to *Sovich*. The *Southtown* court explained, "We believe that the rule announced in *Sovich* is essentially a rule of the relevancy of evidence."[5] 840 N.E.2d at 400. The *Southtown* court stated, "*Sovich* basically stands for the proposition that evidence of changes in the value of property brought about by the project for which the property is being taken is irrelevant to the determination of the value of the property on the date of condemnation, i.e., the date the condemnation action is filed." *Id.*

[11] Based on our review of *Sovich* and *Southtown*, we agree with the trial court's statement of the Project Rule. On appeal, the parties vigorously dispute whether any or all of the challenged witnesses actually relied on the construction and completion of I-69 in reaching their opinions as to the highest and best use and/or the value of the Property. They also disagree on various aspects related to the scope of the Project Rule, such as whether the Project

---

[4] In *Gradison v. State*, 260 Ind. 688, 300 N.E.2d 67 (1973), the supreme court declined to apply *Sovich* to valuation *of the residue* in a condemnation action. In so doing, the *Gradison* court concluded that valuation of the residue may include consideration of "benefits derived by the residue from the improvements resulting from the condemnation project." *Id.* at 710, 300 N.E.2d at 82.

[5] Pursuant to the Indiana Rules of Evidence, "[i]rrelevant evidence is not admissible" and, with some exceptions, "[r]elevant evidence is admissible." Ind. Evid. Rule 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Ind. Evid. Rule 401.

Rule excludes evidence of highest and best use and/or valuation if that evidence is based even *in part* on the project for which the property is being taken.

[12] We observe that "[o]rdinarily the denial of a motion in limine can occasion no error; the objectionable occurrence is the improper admission of items in evidence." *Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038, 1047 (Ind. Ct. App. 2007). "A trial court's ruling on a motion in limine does not determine the ultimate admissibility of the evidence; that determination is made by the trial court in the context of the trial itself." *Gibson v. Bojrab*, 950 N.E.2d 347, 350 (Ind. Ct. App. 2011). "If the trial court errs by admitting evidence, the exclusion of which was sought by the motion in limine, then the error is in admitting the evidence at trial in violation of an evidentiary rule, not in denying the motion in limine." *Bova v. Gary*, 843 N.E.2d 952, 955 (Ind. Ct. App. 2006).

[13] We note that an appeal of a motion in limine is a discretionary interlocutory appeal.[6] "[O]ur decision whether or not to accept a discretionary interlocutory appeal is entirely discretionary." *Bridgestone Americas Holding, Inc. v. Mayberry*, 854 N.E.2d 355, 358-59 (Ind. Ct. App. 2006), *summarily aff'd in relevant part by* 878 N.E.2d 189, 191 n.2 (Ind. 2007). "It is well established that we may reconsider a ruling by our motions panel." *Wise v. State*, 997 N.E.2d 411, 413 (Ind. Ct. App. 2013). "More specifically, we have the authority to reconsider

---

[6] Such appeals are governed by Indiana Appellate Rule 14(B), which provides, "An appeal may be taken from … interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal."

our motions panel's initial ruling on a motion to accept interlocutory jurisdiction." *Id.*

[14] We conclude that the evidentiary issues raised by the State are not ripe for our review. These issues are fact-sensitive, and we will be in a far superior position to decide these questions after the trial is held and the precise character of the evidence and the nature of the objections are available to us. The Order's suppositions regarding specific questions and the consequences of those questions are advisory at best and speculative at worst. We are not insensitive to the parties' dilemma in wading into this difficult area, but our ability to render an opinion on the issues raised is constrained by not having specific rulings or specific evidence before us. Because we conclude that the issues are not ripe for review, we dismiss the State's appeal.

[15] Dismissed.

Robb, J., and Pyle, J., concur.