SANDY WATSON *v.* STATE OF INDIANA.

[No. 1271S352. Filed August 28, 1973.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

GIVAN, J.*—Appellant was charged by affidavit with the crime of possession of heroin. Appellant first entered a plea of not guilty. A motion to suppress evidence was filed. Appellant then moved the court to withdraw her plea of not guilty and enter a plea of guilty, which motion was granted. Pre-trial investigation was ordered, and appellant was subsequently sentenced to the Indiana State Women's Prison for a period of two to ten years. At the time of sentencing, the prosecuting attorney made a recommendation to the court that the sentence be suspended, stating to the court that representations had been made both to the appellant and her attorney that such a recommendation would be made, if appellant would cooperate with police officers in the procuring of other arrests concerning narcotics. At the time of sentencing, the State represented through the testimony of a police officer that the appellant had fully cooperated as she had promised, and that the State, therefore, felt she was entitled

---

* This case was reassigned from another Justice to the writer of the opinion on May 16, 1973.

to consideration by way of a suspended sentence. When the trial court indicated that notwithstanding the promises to the appellant and notwithstanding her cooperation with police officers, he would impose an executed sentence, the attorney for appellant immediately moved the court that appellant be permitted to withdraw her plea of guilty, orally stating at that time, and supporting this statement later with an affidavit, that at the time the appellant moved to withdraw her plea of not guilty and enter a plea of guilty, it was done so by reason of the promises made by the prosecuting attorney and the police officers that a suspended sentence would be recommended in exchange for appellant's cooperation with authorities.

There are two very compelling reasons why this Court should closely scrutinize a decision of this nature:

1) As this Court observed in *Dube* v. *State* (1971), 257 Ind. 398, 275 N. E. 2d 7, 11, 27 Ind. Dec. 600:

"It is important for all segments of our society to believe that our court systems dispense justice. This includes the criminals themselves as well as the law abiding citizens and especially those criminals who have cooperated fully in police investigations."

And,

2) From the standpoint of criminal investigation and efficient police work, courts should constantly be sensitive to the desirability of law enforcement authorities eliciting information from those charged with crime in exchange for recommendations of leniency.

While it is true, and should remain so, that the trial judge is not bound by any promises or recommendations made by law enforcement officers, he should nevertheless make every effort to ascertain whether or not such promises have, in fact, been made, and when it is learned that such promises have been made and the judge in the exercise of his sound discretion determines that notwithstanding such

promises he will not order a suspended sentence, the person charged should then be permitted to withdraw a plea of guilty and enter a plea of not guilty. This Court has thoroughly covered the reasons for this in *Dube* v. *State, supra.*

In the case at bar there could be no question that appellant was induced to enter a plea of guilty upon the representation of the probability that she would receive a suspended sentence. The police officers and the prosecuting attorney were well within the scope of proper law enforcement procedures in making such representations. In view of the charge with which appellant was faced, her attorney was acting in her best interest in advising her to change her plea under the circumstances.

It is commendable that the prosecuting attorney and the police officers sought earnestly to induce the trial court to follow their recommendations in this case.

It is likewise commendable that appellant's attorney immediately upon learning the decision of the trial court, notwithstanding the recommendations, did everything in his power to rectify what to him was an obvious misunderstanding by the appellant as to the result of her plea of guilty.

For the above reasons, we hold under the authority of *Dube* v. *State, supra,* that the trial court erred in refusing to permit the appellant to withdraw her guilty plea and enter a plea of not guilty.

The case is, therefore, remanded to the trial court with instructions to permit the appellant to withdraw her plea of guilty and to enter a plea of not guilty.

Appellant has raised a second question on this appeal which is not, in fact, before us at this time. She has claimed the trial court erred in denying her motion to suppress evidence.

The ruling on the motion to suppress was not a final judgment for which an appeal would lie. Ind. Rules of Proc., Rule AP. 4.

The evidence to be submitted by the State, any objections thereto and the rulings of the court are matters yet to be determined at a trial on appellant's plea of not guilty.

This cause is reversed and the trial court is ordered to proceed in a manner not inconsistent with this opinion.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 300 N. E. 2d 354.