DAMON GIBSON v. STATE OF INDIANA.

[No. 2-1173A244. Filed December 10, 1974.]

Donald D. Chiappetta, of Muncie, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Colker, Assistant Attorney General, for appellee.

WHITE, J.—Appellant was accused by affidavit of the offense of assault and battery with intent to kill. Pursuant to plea bargaining he entered a plea of guilty to what was considered to be the included offense of aggravated assault and battery,[1] a plea that was perfunctorily accepted by the trial court. Subsequent to a presentence investigation he was sentenced to an executed term of not less than one nor more than five years. At the time of sentencing he indicated that he wished to appeal, and two weeks later he filed with the trial court his motion to set aside sentence and withdraw plea of guilty. He now appeals to this court from the overruling of that motion.

We reverse.

Appellant's contention is that his plea was not made knowingly, advisedly, intelligently and understandingly, a contention based on his allegation that he had been positively assured by his attorney that he would receive a suspended sentence. That allegation is supported in part by an affidavit from his attorney (now deceased) that said attorney believed that the plea bargaining agreement was that the State would recom-

1. Since the question has not been raised, we express no opinion as to whether aggravated assault and battery is truly an included offense here. See *Allison* v. *State* (1973), 157 Ind. App. 277, 299 N.E.2d 618.

mend a suspended sentence and that he advised appellant on that basis. Witnesses produced by appellant testified that they had been present when said attorney advised appellant not only that he would receive a suspended sentence but also that the trial court had already agreed to that sentence.

The State's rebuttal was that the plea bargaining agreement was that the State would make no recommendation as to sentence.

The basic question presented is whether the trial court committed fundamental constitutional error in its acceptance of appellant's plea of guilty, and we conclude that it did.

The trial court's acceptance of appellant's guilty plea was so perfunctory that it is apparent the court did not determine whether appellant was acting knowingly and voluntarily. The entire hearing on that plea is as follows:

"FREDERICK F. McCLELLAN: We have a plea bargaining to enter a plea of guilty to a lesser included offense of Aggravated Assault & Battery.

"JUDGE: Allright. You do understand the penalty for Aggravated Assault & Battery being not less than one (1) nor more than five (5) years. Do you understand that?

"DAMON GIBSON: Yes sir.

"JUDGE: And you are doing this of your own free will and accord, full well knowing the possible penalty, and you are also doing this on advice of counsel?

"DAMON GIBSON: Yes sir.

"JUDGE: The record will then show:
    Comes now the State of Indiana. . . ."

The above record shows that the trial court did not inquire as to whether appellant's plea was the result of any promises made to him nor advise him that, if so, the court was not bound by such promises. The record, in fact, shows that the court did not make any effort to determine whether appellant understood the nature of the charges against him, whether he understood his various appropriate constitutional rights

and was knowingly waiving them, or even whether there was evidence to substantiate the charges against defendant.

Such perfunctory acceptance of a plea of guilty is constitutionally impermissible. *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *Harshman* v. *State* (1953), 232 Ind. 618, 115 N.E.2d 501; *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557; *Goode* v. *State* (1974), 160 Ind. App. 360, 312 N.E.2d 109.

Therefore, the trial court's judgment denying appellant's Motion to Set Aside Sentence and Withdraw Plea of Guilty is hereby reversed, and this cause is remanded to the trial court with instructions to vacate the sentence and to permit appellant to withdraw his plea of guilty.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 319 N.E.2d 661.