RON ANDERSON *v.* STATE OF INDIANA

[No. 2-477A121. Filed September 5, 1978.]

*Edward New*, of Noblesville, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, for appellee.

MILLER, J.—The Defendant is attempting to appeal from an interlocutory order of the Hamilton Circuit Court overruling his Motion to Suppress certain incriminating statements. Said order was entered prior to his trial for robbery and robbery while armed. The record of proceedings in this cause was filed with the Clerk of this Court on April 11, 1977, followed by Appellant's brief *on the merits* on April 15, 1977. Appellee, State of Indiana, filed its brief *on the merits* on April 25, 1977.

We must dismiss this appeal on our own motion for the reason that we lack jurisdiction to review this matter. This Court has a continuing duty to take notice of its lack of jurisdiction and, since the briefs of the

parties do not address the question of whether this court has jurisdiction to review the trial court's order, we shall raise this issue *sua sponte*. *Hansbrough v. Indiana Revenue Board* (1975), 164 Ind.App. 56, 326 N.E.2d 599, 600; *Bell v. Wabash Valley Trust Company* (1973), 156 Ind. App. 476, 297 N.E.2d 924, 925.

The authority of the Court of Appeals to consider appeals from interlocutory orders[1] is found in Ind. Rules of Procedure, Rule AP. 4(B) which reads as follows:

"(B) In all other cases, appeals shall be taken to the Court of Appeals, notwithstanding any law, statute or rule providing for direct appeal to the Supreme Court of Indiana. Also, appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:

(1) For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidence of debt, documents or things in action;

(2) For the delivery of the possession of real property or the sale thereof;

(3) Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions, or the appointment of receivers;

(4) Orders and judgments upon writs of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(5) Any other interlocutory order, if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

(a) The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or

(c) The remedy by appeal after judgment is otherwise inadequate. . ."

---

1. Authority for the application of Rule AP. 4(B) in criminal cases is found in Ind. Rules of Procedure, Criminal Rule 21 which reads: "The Indiana rules of trial and appellate procedure shall apply to all criminal appeals so far as they are not in conflict with any specific rule adopted by this court for the conduct of criminal proceedings."

It is apparent that the overruling of a motion to suppress evidence in a criminal case does not fall within any of the categories set out in sub-divisions (1) through (4) of section 4(B). Therefore, if this Court has any jurisdiction in this appeal it must be by virtue of the language appearing in sub-division (5). However, an examination of the record in this cause does not reveal that the trial court certified the existence of any of the grounds in sub-division (5). In fact, the Defendant states in his Assignment of Errors that, before this appeal was perfected, the Defendant was tried by jury, found guilty of robbery and began serving his sentence. Further, we take judicial notice of our records in this case and note that the Defendant has not filed a petition with this Court as required by sub-division (5).

In *Greyhound Lines, Inc. v. Vanover* (1974), 160 Ind. App. 289, 311 N.E.2d 632, this Second District, by Per Curiam Opinion, granted appellee's motion to dismiss an attempted appeal from an interlocutory order under almost identical circumstances.

This cause is, therefore, dismissed.

Sullivan, J. concurs (by designation).

Shields, J. concurs (by designation).

NOTE—Reported at 379 N.E.2d 1031.