**Donald Charles COLLINS,
Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.**

**No. 2–1078A364.**

Court of Appeals of Indiana,
Fourth District.

Sept. 13, 1979.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant-defendant.

Theo. L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHIPMAN, Judge.

Donald Collins appeals from the denial of his Petition for Post Conviction Relief by which he sought to withdraw his plea of guilty to second degree burglary. We think Collins' plea was not knowingly, intelligently and voluntarily entered because of the court's failure to comply with Ind.Code 35–4.1–1–3 [1] and Ind.Code 35–4.1–1–4 [2] and reverse.

---

1. Plea of guilty—Defendant advised by court.—The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) Determining that he understands the nature of the charge against him;

(b) Informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) Informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(d) Informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

(e) Informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby.

2. Determination of voluntariness of plea of guilty.—

(a) The court shall not accept a plea of guilty without first personally addressing the defendant and determining that the plea is voluntary. The court shall address the defendant and determine whether any promises, force or threats were used to obtain the plea.

On September 16, 1976, Collins appeared in court, withdrew his previous not guilty plea, and entered a plea of guilty to the charge of second degree burglary. At that time, the court informed Collins of various constitutional rights. However, the court failed to comply with the strict mandates of Ind.Code 35–4.1–1–3 and Ind.Code 35–4.1–1–4. Specifically, before his plea was accepted, Collins was not informed that by pleading guilty he was admitting the truth of all facts alleged in the information (§ 3(b)); he was not told the court was not a party to, nor was it bound by, any plea agreement (§ 3(e)); the court did not ask Collins if his plea was voluntary, or if it was obtained by the use of promises, threats or force (§ 4(a)). Collins argues this failure by the court dictates a reversal. We agree.

Like Justice Hunter, we find the language of Ind.Code 35–4.1–1–3 and Ind. Code 35–4.1–1–4 to be mandatory. *Turman v. State* (1979) Ind., 392 N.E.2d 483. The statutes say the court *shall* inform the defendant of his various rights and the consequences of his plea before the plea is accepted. There is no latitude allowed; the clear statutory language requires strict compliance. *See Neeley v. State,* (1978) Ind., 382 N.E.2d 714, 719 (Prentice, J., dissenting) (compliance is a "jurisdictional prerequisite" to acceptance); *Williams v. State,* (1975) 263 Ind. 165, 325 N.E.2d 827 n. 1 [3] (Hunter, J.); *Norfrey v. State,* (1976) Ind.App., 358 N.E.2d 202. Failure of strict compliance equals a failure to meet an absolute prerequisite to the acceptance of a guilty plea. We therefore order a reversal because of the court's failure to comply with the mandates of Ind.Code 35–4.1–1–3 and Ind.Code 35–4.1–1–4.

(b) The court shall not enter judgment upon a plea of guilty unless it is satisfied from its examination of the defendant that there is a factual basis for the plea.

(c) A plea of guilty shall not be deemed to be involuntary under subsection (a) of this section solely because it is the product of an agreement between the prosecution and the defense.

3. If the plea had been entered after the effective date of July 26, 1973, we would have a different question entirely in this case under P.L. 325, Acts 1973, being IC 1971 35–4.1–1–3

We think our insistence on absolute adherence to the statutes is more than justified. These two statutes, strictly construed and enforced, promote two equally laudable goals. First, they establish an absolute, uniform procedure for the acceptance of guilty pleas. Trial courts are put on notice that all the requirements of the statutes must be complied with. Second, our interpretation of the statutes makes appellate review of guilty plea cases much less subjective. All we need determine is whether the statute has been complied with, thereby allowing for summary disposition in many cases. The result is an absolute assurance that defendants' pleas will be accepted only when they are truly knowing, intelligent and voluntary, and a speedy administration of justice on the appellate level. Thus, by our decision, we do not place form over substance; rather, we require strict, formal compliance only as a means of assuring substantive compliance and promoting sound judicial policy.

Our firm resolve in the correctness of the above holding and rationale does not allow us the luxury of ignoring existing precedent. Therefore, we must look to the entire record to determine if Collins was fully advised of and understood his rights. *Turman v. State, supra; Neeley v. State, supra.* In this regard, the State strongly argues we should consider the record of Collins' sentencing hearing, held on October 1, 1976.[4] At that hearing Collins was told that by pleading guilty he admitted the truth of all facts alleged, and the court asked Collins if his plea was voluntary and whether force or threats had been used to

If this statutory standard had been applicable at the time of defendant's plea, and if the record was identical to the one before us, defendant would undoubtedly have presented a solid case for postconviction relief.

4. In this case we consider the hearing on October 1, 1976, as the sentencing hearing and not as a continuation of the arraignment of September 16, 1976, at which time Collins withdrew his plea of not guilty and entered his plea of guilty. Admittedly the record is not clear as to this point.

obtain the plea. We do not think these efforts by the court satisfied the requirements of the statute. For a determination of voluntariness to be made after the plea is accepted[5] is akin to closing the gate after the horse has fled. A determination of voluntariness can be meaningful only if it is made *before* the plea is entered and accepted. A guilty plea is a "grave and solemn act" and should be accepted only when the defendant has a "sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* (1970) 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747. The acceptance of a guilty plea "demands the utmost solicitude of which courts are capable . . . ." *Boykin v. Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. We can stress the importance of a guilty plea and the need for a timely, full advisement and determination of voluntariness no more eloquently than Justice Hunter:

> Only when the defendant is seriously considering entering a guilty plea will the advisement be meaningful to him and for the trial judge in determining an intentional and intelligent waiver of known rights. This is not an undue burden to place upon the trial court. The defendant is on the verge of committing years of his life to confinement. The little time necessary for the trial judge to advise the defendant *at the time of his plea* is a modicum relative to the significant consequences to a defendant.

*Maleck v. State,* (1976) 265 Ind. 604, 358 N.E.2d 116, 118 (emphasis supplied).

■ Finally, we note the court never told Collins it was not a party to, nor bound by, any plea agreement, and Collins was never asked if promises had been used to obtain his plea. The first omission, though a failure to comply with the statute, may not be critical because the court apparently followed the recommendations by the State in the plea agreement. The failure to inquire whether promises had been made, however, is of a much more serious nature. In *Watson v. State,* (1973) 261 Ind. 97, 300 N.E.2d 354, our Supreme Court discussed the highly sensitive role promises by police officers and prosecutors play in plea bargain agreements, and said "the trial judge . . . should . . . make every effort to ascertain whether or not such promises have, in fact, been made . . . ." *Id.,* 300 N.E.2d at 355. *See Dube v. State,* (1971) 257 Ind. 398, 275 N.E.2d 7; *Gibson v. State,* (1974) 162 Ind.App. 337, 319 N.E.2d 661. By failing to ask Collins if his plea was made in response to promises by the police or prosecutor, the court failed to comply with both the Supreme Court's *Watson* decision and the mandates of Ind.Code 35–4.-1–1–4(a). This alone requires our reversal.

The judgment of the trial court is reversed, and this cause is remanded to the trial court with instructions to grant the petition.

MILLER, P. J., and YOUNG, J., concur.

---

5. We reject the State's argument that the trial court did not accept Collins' plea until the October 1, 1976, sentencing hearing. The clear purpose of the September 16, 1976, hearing was to allow Collins to plead guilty pursuant to a plea agreement, and the court ended the hearing by ordering a presentence investigation. In addition, at the sentencing hearing, when Collins realized he would not receive probation and requested his plea be changed to not guilty, the trial judge said, "You can't wait until I determine what kind of a sentence you're gonna [sic] get to whether or not [sic] you want to plead guilty or not guilty. You've already pled guilty . . . ." We think this statement clearly shows the court accepted Collin's plea at the Sept. 16 hearing.