**Brian D. DINGMAN, Appellant–
Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A03–9205–CR–145.**

Court of Appeals of Indiana,
Third District.

Nov. 12, 1992.

Stephen R. Bowers, Mellinger & Bowers, Elkhart, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

## OPINION ON PETITION TO ACCEPT INTERLOCUTORY APPEAL

HOFFMAN, Judge.

Petitioner-appellant Brian D. Dingman requests acceptance of an interlocutory appeal pursuant to Ind. Appellate Rule 4(B)(6).

In July 1991, Dingman was arrested after he was stopped at a roadblock. He was charged with being an habitual traffic offender when a computer check at the roadblock revealed his driving status. In August 1991, Dingman filed a motion to suppress evidence discovered as a result of the roadblock. Dingman's motion was denied in January 1992. In March 1992, Dingman filed a motion to reconsider. The court denied the motion. On April 7, 1992, Dingman filed a praecipe and a motion for certification of an interlocutory appeal. On April 13, 1992, the trial court issued an order encaptioned, Order Certifying Question For Interlocutory Appeal. In pertinent part, the order stated that the court:

"Now certifies that the following issue shall be considered for interlocutory appeal:

Whether the roadblock at issue in the case at Bar complied with holding of *State v. Garcia* (1986) Ind., 500 N.E.2d 158.

The Court further finds that this Order involves a substantial question of law and the early determination of which will promote a more orderly disposition of this case."

On May 11, 1992, Dingman filed, with this Court, his Petition To Accept Interlocutory Appeal. Dingman bases his petition upon Ind. Appellate Rule 4(B)(6). App.R. 4(B)(6) provides in relevant part:

"[A]ppeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:

\*   \*   \*   \*   \*   \*

(6) Any ... interlocutory order, if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

(a) The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or

(c) The remedy by appeal after judgment is otherwise inadequate...."

The rule makes no provision for the certification of questions to this Court by a state trial court. Rather, the trial court certifies its interlocutory order and that one of the factors within App.R. 4(B)(6) is applicable. *Cf. INB National Bank v. 1st Source Bank* (1991), Ind.App., 567 N.E.2d 1200, 1202 (interlocutory appeal cognizable under App.R. 4(B)(6) not permissible where trial court expressly refuses or denies certification). Then, upon petition, this Court may determine that the circumstance certified warrants acceptance of the interlocutory appeal.

*See Anderson v. State* (1978), 177 Ind. App. 443, 379 N.E.2d 1031, 1032; Stroud, *Indiana Practice*, Appellate Procedure, (1990) § 15.11.

Within the rules of appellate procedure, App.R. 15(O) contains the only provision for certification of specific questions. App.R. 15(O) allows federal courts to certify questions regarding state law to the Indiana Supreme Court which the Supreme Court, "by written opinion, may answer."

The April 13, 1992 order in the present case purporting to certify a question to this Court does not comply with App.R. 4(B)(6). Therefore, the trial court may at its discretion certify the order denying the motion to suppress and a circumstance contained within App.R. 4(B)(6), thereby allowing Dingman to petition for interlocutory review.

■ The State filed a motion opposing Dingman's petition for review. The State contends that the denial of a motion to suppress is not a ground for interlocutory appeal. The State makes citation to *Engle v. State* (1984), Ind., 467 N.E.2d 712, 715 (no due process right to interlocutory appeal of pre-trial motions such as motion to suppress) and *Watson v. State* (1973), 261 Ind. 97, 300 N.E.2d 354, 356 (ruling on motion to suppress not a final judgment from which appeal would lie). Neither *Engle* nor *Watson* involves a case in which the trial court certified an order pursuant to App.R. 4(B)(6).

As noted above, App.R. 4(B)(6) allows an appeal from any interlocutory order if properly certified by the trial court and accepted by the reviewing court. App.R. 4(B)(6) is harmonious with IND. CODE § 35–38–4–1(b) (1988 Ed.) which provides that "[a]ny *decision* of the court or *intermediate order* made during the proceedings may be reviewed." (Emphasis added.) The statute specifies that an appeal by a defendant may be taken *"as a matter of right* from any *judgment* in a criminal action."* (Emphasis added.) IND. CODE § 35–38–4–1(a). The authority noted by the State is in accordance with the distinction drawn in IND. CODE § 35–38–4–1, between appeals in criminal actions after a final judgment which may be brought as a matter of right and appeals from decisions or orders other than a final judgment which may be entertained at the court's discretion.

Further, Ind.Crim.Rule 21 states:

"The Indiana rules of trial and appellate procedure shall apply to all criminal appeals so far as they are not in conflict with any specific rule adopted by this court for the conduct of criminal proceedings."

There being no specific rule to the contrary, App.R. 4(B)(6) is applicable to interlocutory decisions and orders in criminal actions. Thus, appeal of the denial of a motion to suppress may not be taken as a matter of right; however, if the conditions imposed by App.R. 4(B)(6) are met, appeal of such an order may be entertained.

The Petition to Accept Interlocutory Appeal is denied.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. The trial court has asked for our help regarding its denial of a motion to suppress. It has asked us to determine:

"Whether the roadblock at issue in the case at Bar complied with holding of *State v. Garcia* (1986), Ind., 500 N.E.2d 158."

The Majority has denied any assistance to the trial court in this matter because of form. The trial court has attempted to comply with Ind. Appellate Rule 4(B)(6). Because the form is a denial of a motion to suppress and not an interlocutory order or "decision" under the statute, the Majority denied the petition for an interlocutory appeal. Too, the Majority, interpreting the Rule very narrowly, maintains that the Rule does not provide for "... the certification of questions to this Court by a state trial court." ·I disagree. Regardless of the form—ruling on a motion to suppress or an order of the court—it is implicit that this Court has the discretion to accept such appeals. A.R. 4(B)(6) is a permissive Rule.[1]

---

**1.** "The supreme court amended the appellate rules, effective January 1, 1992, to provide that

in permissive interlocutory appeals under Ind. Appellate Rule 4(B)(6) a praecipe shall be filed

The Majority points to A.R. 15(O) as the only provision under our appellate procedure which would permit questions of law to be reviewed. This Rule became effective July 2, 1991. A.R. 4(B)(6) became effective January 1, 1972 or some twenty years earlier. Recent changes in the appellate rules indicate a desire to shed the old procedural barriers which prolonged the disposition of cases and burdened the judicial system. Under A.R. 15(O), it is possible for a federal trial court in Indiana to submit a question of law to our Indiana Supreme Court. *See Stump v. Commercial Union* (1992), Ind., 601 N.E.2d 327. It appears highly unlikely that the shackles shorn from the federal trial courts would be left in place on the Indiana trial courts.

The purpose and spirit of A.R. 4(B)(6) are demeaned by the narrow interpretation of the Majority. Here, a trial may be avoided altogether or at the very least shortened by our accepting this interlocutory appeal. To limit the acceptance of an interlocutory appeal on the sole ground that it is not in the form of an interlocutory order clearly limits the Rule. It cripples the intended usefulness of the Rule. It shackles the judicial system unnecessarily. I would grant the petition.

no later than ten days after the court of appeals grants the petition for interlocutory appeal." George T. Patton, Jr., *Recent Developments in Indiana Appellate Procedure: Reforming the Procedural Path to the Indiana Supreme Court*, 25 Ind.L.Rev. 1105, 1107 (1992); also for other

changes in appellate procedure and particularly A.P. 15(O) see the aforementioned article at 1109.