**Kenneth WESLEY, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 42A01–9712–CR–403.

Court of Appeals of Indiana.

July 9, 1998.

J. Dirk Carnahan, Hayes, Dant, Steiner and Carnahan, Vincennes, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Janet Brown Mallett, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

■ Kenneth Wesley seeks to suppress evidence seized as the result of a search warrant which he claims is invalid. The trial court denied Wesley's motion to suppress, and Wesley now attempts to bring an interlocutory appeal of that denial. Although the parties' briefs do not address the matter, we have a continuing duty to take notice of our lack of jurisdiction. Thus, we consider whether we have jurisdiction to review the trial court's order.

We dismiss the appeal on our own motion.

■ An interlocutory appeal of the denial of a motion to suppress may not be taken as a matter of right. *Dingman v. State*, 602 N.E.2d 184, 186 (Ind.Ct.App.1992). However, appeal of such an order may be entertained if the order was properly certified by the trial court and accepted by this court pursuant to Ind. Appellate Rule 4(B)(6). *Id.*[1]

1. App. R. 4(B)(6) permits appeal of an interlocutory order if, first, the trial court certifies that one of the following conditions applies:

(a) The appellant will suffer substantial expense, damage or injury if the order is errone-

Without proper certification, we have no jurisdiction to entertain the appeal. *See Anderson v. State,* 177 Ind.App. 443, 379 N.E.2d 1031 (1978).

Initially we observe that Wesley did not favor us with a copy of the trial court's decision on certification nor with a copy of this court's ruling. Our research shows a July 30, 1997 order from this court evidencing our acceptance of jurisdiction of an interlocutory appeal in a case docketed under a separate cause number (No. 42A01–9706–CR–184).[2] That appeal was dismissed and the Record of the Proceedings was transferred to this cause number. Thus, for purposes of this decision, we assume the interlocutory order denying Wesley's motion to suppress was properly certified.

■ Nevertheless, Wesley's appeal must still be dismissed. Under our rules, Wesley was required to file a praecipe no later than ten days after the July 30, 1997 order, that is, on or before August 9, 1997. Ind. Appellate Rule 2(A). Because August 9th was a Saturday, the praecipe was to be filed no later than August 11th. Ind. Appellate Rule 13. Yet, there is no praecipe in the record.[3]

■ The right to appeal is forfeited if the praecipe is not filed within the necessary time frame. *Id.* As the Indiana Supreme Court recently re-iterated, "[T]he failure to file a timely praecipe [is] a jurisdictional defect, necessitating dismissal of the appeal." *Greer v. State,* 685 N.E.2d 700, 703 (Ind.

1997); *see also Board of Comm'rs of Lake County, Ind. v. Foster,* 614 N.E.2d 949, 950 (Ind.Ct.App.1993) (in context of App. R. 4(B)(6)). While an exception exists when permission is granted to file a belated praecipe with respect to the direct appeal from a criminal conviction, *see* Ind. Post–Conviction Rule 2(1), that exception is not implicated here.

The burden was on Wesley to show *by the record* on appeal that he had filed a praecipe within the time allowed. *See Farmers Loan & Trust Co. of Tipton v. Manning,* 142 Ind. App. 519, 523, 236 N.E.2d 52, 55 (1968) (emphasis in original), *reh. denied; see also* Ind. Appellate Rule 7.2(A)(1) (record of proceedings "shall consist" of listed documents, one of which is the praecipe). Wesley has failed to do so. Under these circumstances, we lack subject matter jurisdiction to review the issue presented and must dismiss the appeal.

Appeal dismissed.

SHARPNACK, C.J., and DARDEN, J., concur.

---

ous and the determination thereof is withheld until after judgment, or
(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or
(c) The remedy by appeal after judgment is otherwise inadequate.
Following the trial court's certification, the prospective appellant petitions the Court of Appeals requesting that the interlocutory order be found appealable. App. R. 4(B)(6); *Scott v. Bodor, Inc.,* 550 N.E.2d 1326, 1327 (Ind.Ct.App.1990).

2. Our review of this case is frustrated by Wesley's failure to provide a proper "Statement of the Case" in his brief. Instead of presenting "the course of proceedings relevant to the issues presented for review" as required by Ind. Appellate Rule 8.3(A)(4), Wesley merely quoted the court's rationale and rulings with respect to his motion to suppress. Unfortunately, the State accepted

Wesley's statement of the case, and we are left to attempt to reconstruct the events relevant to this appeal.

3. In Wesley's former appeal his counsel improperly filed a Notice of Appearance some six weeks after filing the Petition for Leave to Take Interlocutory Appeal. *See* Ind. Appellate Rule 2.1(A) (appearance form shall be filed with the petition to entertain jurisdiction in interlocutory appeal under Appellate Rule 4(B)(6)) (now amended; effective Jan. 1, 1998, "notice of appeal" pursuant to Appellate Rule 2(C) satisfies the requirement to file an appearance). In an unverified statement included in his appearance form, counsel claims that the praecipe was filed on August 13, 1997. This statement does not adequately document the filing of the praecipe. Nevertheless, if the praecipe had been filed on August 13th, it was untimely and would not alter the outcome of this case.