**FOR PUBLICATION**



FILED
Oct 31 2013, 5:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELIZABETH C. MILLIKEN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID WISE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1301-CR-1 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
Cause No. 49G01-1108-FB-59703

**October 31, 2013**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

David C. Wise ("Wise") brings this interlocutory appeal from the order of the Marion Superior Court denying his pre-trial motion in limine which sought to exclude evidence regarding video recordings of video files found on Wise's mobile phone. Concluding *sua sponte* that Wise's motion to certify the trial court's order for interlocutory appeal was deemed denied by operation of Indiana Appellate Rule 14(B)(1)(e), we dismiss.[1]

### Facts and Procedural History

On May 10, 2011, Wise's wife, M.W., informed the police that she had discovered video files on Wise's mobile phone that depicted a man she identified as Wise performing sexual acts on her while she was unconscious. She also suspected that Wise had been drugging her so that he could perform these sexual acts on her. Because she did not have the proper cable to connect Wise's phone to a computer and did not otherwise know how to move the files off the phone, M.W. decided to use a camcorder to record video of these files playing on Wise's telephone. M.W. also altered the names of the files on the phone to indicate to Wise that she had found the videos and considered Wise to be a rapist.

On August 25, 2011, the State charged Wise with one count of Class B felony rape and five counts of criminal deviate conduct. On September 6, 2012, Wise filed a motion in limine seeking to exclude from evidence the video M.W. had taken of the video files

---

[1] The State argues that we should reconsider our motions panel's acceptance of discretionary interlocutory jurisdiction, but does not argue that the trial court's certification was improper. Regardless, without proper certification, we are without jurisdiction to consider a discretionary interlocutory appeal. Wesley v. State, 696 N.E.2d 882, 883 (Ind. Ct. App. 1998). And jurisdiction is an issue that we can, and indeed must, consider *sua sponte*. See Tarrance v. State, 947 N.E.2d 494, 495 (Ind. Ct. App. 2011).

playing on the phone. The trial court held a hearing on the motion in limine on September 26, 2012, after which it denied the motion. Wise filed a motion to reconsider on October 22, 2012, along with a motion requesting that the trial court certify its order for interlocutory appeal. On November 14, 2012, the trial court denied Wise's motion to reconsider. But the trial court did not grant Wise's motion to certify its earlier order for interlocutory appeal until December 4, 2012. On February 8, 2013, our motions panel accepted interlocutory jurisdiction of this case,[2] and this appeal ensued.

**Discussion and Decision**

All parties agree that this case is controlled by Appellate Rule 14(B), which governs discretionary interlocutory appeals.[3] This rule generally provides that "[a]n appeal may be taken from other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." App. R. 14(B). The rule provides for a two-step process to initiate a discretionary interlocutory appeal: first the trial court must certify its order for interlocutory appeal; then, if the trial court does so, this court may accept interlocutory jurisdiction over the case. See App. R. 14(B); State v. Foy, 862 N.E.2d 1219, 1223 (Ind. Ct. App. 2007).

Appellate Rule 14(B)(1) sets forth the process involved in certifying a trial court's order for interlocutory appeal. First, the party seeking certification must file a motion requesting certification within thirty days after the date the interlocutory order is noted in

---

[2] Judge Bailey and Senior Judge Barteau voted to accept jurisdiction, but Judge Barnes voted to deny jurisdiction.

[3] There is no suggestion that the trial court's order on Wise's motion in limine was an order from which an interlocutory appeal can be taken as of right pursuant to Appellate Rule 14(A).

3

the Chronological Case Summary ("CCS"). App. R. 14(B)(1)(a). Here, the trial court's order denying Wise's motion in limine was noted in the CCS on September 26, 2012. Wise's motion to certify was filed on October 22, 2012, within this thirty-day period. Next, any response to the motion to certify must be filed within fifteen days after service of the motion. App. R. 14(B)(1)(d). Here, the State filed its response on October 24, 2012, which was well within this time limit.

At issue here is Appellate Rule 14(B)(1)(e), which provides:

Ruling on Motion by the Trial Court. In the event the trial court fails for thirty (30) days to set the motion for hearing or fails to rule on the motion within thirty (30) days after it was heard or thirty (30) days after it was filed, if no hearing is set, the motion requesting certification of an interlocutory order shall be deemed denied.

The CCS in the present case does not indicate that the trial court set a hearing on Wise's motion to certify.[4] Therefore, his motion was deemed denied thirty days after it was filed, i.e., November 22, 2012. Nevertheless, the trial court purported to grant the motion on December 4, 2012. Although Wise filed a motion with this court within thirty days of the trial court's order purporting to grant certification, Wise's motion had already been deemed denied by operation of Appellate Rule 14(B)(1)(e).

We are unable to conclude that the trial court's belated certification complies with Appellate Rule 14(B)'s time limitations. To hold otherwise would effectively nullify the "deemed denied" provision of Appellate Rule 14(B)(1)(e), the clear purpose of which is

---

[4] The parties did discuss the possibility of an interlocutory appeal at a pretrial hearing on October 17, 2012, before Wise filed his motion to certify. The parties also briefly discussed the question of an interlocutory appeal at the pretrial hearing held on November 15, 2012. But the CCS does not indicate that the trial court ever set a hearing on the motion to certify.

4

to limit the amount of time a trial court has to rule on a motion to certify. We therefore conclude that, by operation of Appellate Rule 14(B)(1)(e), Wise's motion to certify was deemed denied, and the trial court could not resuscitate Wise's motion by belatedly granting it after it had been deemed denied.[5]

It is well established that we may reconsider a ruling by our motions panel. Treacy v. State, 953 N.E.2d 634, 636 n.2 (Ind. Ct. App. 2011), trans. denied. More specifically, we have the authority to reconsider our motions panel's initial ruling on a motion to accept interlocutory jurisdiction. Bridgestone Americas Holding, Inc. v. Mayberry, 854 N.E.2d 355, 358-59 (Ind. Ct. App. 2006) (holding that this court had authority to reconsider our motions panel's initial refusal to accept interlocutory jurisdiction), summarily aff'd in relevant part, 878 N.E.2d 189, 191 n.2 (Ind. 2007).

Here, our review of the record reveals that Wise's motion to certify the trial court's order for interlocutory appeal was deemed denied. Without proper certification, we have no jurisdiction to entertain an interlocutory appeal. Wesley v. State, 696 N.E.2d 882, 883 (Ind. Ct. App. 1998). Thus, our earlier decision to accept jurisdiction was improper, and we accordingly dismiss this appeal.

Dismissed.

NAJAM, J., and BROWN, J., concur.

---

[5] The fact that Wise filed a motion to reconsider the trial court's denial of his motion in limine does not alter our analysis in any way. Indiana Trial Rule 53.4(A) plainly states that a motion to reconsider "shall not . . . extend the time for any further required or permitted action, motion, or proceeding under these rules," which includes the Appellate Rules. See Johnson v. Estate of Brazill, 917 N.E.2d 1235, 1239 (Ind. Ct. App. 2009).