# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**DAVID J. CUTSHAW**
**GABRIEL A. HAWKINS**
**KELLEY J. JOHNSON**
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**JAMES L. HOUGH**
Spangler, Jennings & Dougherty, P.C.
Merrillville, Indiana

FILED

Feb 18 2014, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ROBERT DURALL, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| vs. | ) No. 45A03-1304-CT-103 |
| | ) |
| MARK S. WEINBERGER, M.D., | ) |
| MARK WEINBERGER, M.D., P.C., | ) |
| MERRILLVILLE CENTER FOR ADVANCED | ) |
| SURGERY, LLC, and NOSE AND SINUS | ) |
| CENTER, LLC, | ) |
| | ) |
| Appellees-Defendants. | ) |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Calvin D. Hawkins, Judge
Cause No. 45D02-1006-CT-103

**February 18, 2014**

**OPINION - FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Robert Durall appeals the trial court's grant of partial summary judgment to Mark S. Weinberger, M.D.; Mark Weinberger, M.D., P.C.; Merrillville Center for Advanced Surgery, LLC; and Nose and Sinus Center, LLC. Concluding that this discretionary interlocutory appeal is untimely, we dismiss.

## ISSUE

Durall raises three issues, but the dispositive question is whether this appeal is timely.[1]

## FACTS AND PROCEDURAL HISTORY

In 2001 and in subsequent years, Durall sought treatment from Dr. Weinberger for sinus problems. He underwent numerous surgeries and other procedures upon Dr. Weinberger's recommendation. Durall later concluded, after Dr. Weinberger fled the country as his medical practice collapsed, that Dr. Weinberger's surgeries had failed to correct the problems and may have been unnecessary.

In 2005, Durall filed with the Indiana Department of Insurance a proposed complaint for medical malpractice against Dr. Weinberger; Dr. Weinberger's professional corporation; Merrillville Center for Advanced Surgery, LLC; and Nose and Sinus Center, LLC. The Department assembled a medical malpractice review panel, which concluded that the proposed defendants failed to meet the appropriate standard of

---

[1] Dr. Weinberger; Mark Weinberger, M.D., P.C.; Merrillville Center for Advanced Surgery, LLC; and Nose and Sinus Center, LLC, move to strike a portion of Durall's brief. Appellees' Br. p. 4, n. 1. We need not address the motion to strike due to the manner in which we have resolved this appeal.

care and that there was a question of fact as to whether their conduct resulted in harm to Durall.

In 2010, Durall filed his complaint against Dr. Weinberger; Dr. Weinberger's professional corporation; Merrillville Center for Advanced Surgery, LLC; and Nose and Sinus Center, LLC, alleging medical malpractice. The four defendants filed a Motion for Summary Judgment, asking the trial court to: (1) limit Durall's negligence claims solely to Dr. Weinberger; (2) bar Durall from recovering emotional damages arising from Dr. Weinberger's flight from the country; and (3) dismiss Durall's claims as untimely.

Durall filed a response to the Motion for Summary Judgment, and the defendants filed a reply. The trial court held a hearing on November 15, 2012. On November 19, 2012, the trial court issued an order granting the Motion in part and denying it in part. Specifically, the court determined that Durall could not assert "any claim of negligence against any agent or employee of the business entity defendants other than Dr. Weinberger." Appellant's App. p. 228. The court further held that Durall could not recover damages "for emotional distress related to Dr. Weinberger's departure from, absence from, or return to the country." *Id.* The court otherwise denied the Motion.

On January 7, 2013, Durall filed a Motion to Reconsider the November 19, 2012 order. Dr. Weinberger and the other defendants filed a response. The court held a hearing on March 4, 2013. On the same day, the trial court issued an order in which it did not grant or deny the Motion to Reconsider, but instead certified its November 19, 2012 order for discretionary interlocutory appeal. On April 3, 2013, the trial court issued

a Stipulated Order in which it denied Durall's Motion to Reconsider and certified the denial of the Motion to Reconsider for discretionary interlocutory appeal.

Also on April 3, 2013, Durall filed with this Court a request to accept jurisdiction of the discretionary interlocutory appeal. The motions panel granted the request. This appeal followed.

## DISCUSSION AND DECISION

Durall challenges the trial court's November 19, 2012 order. Although neither party presents the timeliness of this discretionary interlocutory appeal as an issue, timeliness is a jurisdictional matter which we should raise sua sponte if the parties do not. *Johnson v. Estate of Brazill*, 917 N.E.2d 1235, 1239 (Ind. Ct. App. 2009). This Court may dismiss appeals when it discovers that it does not have jurisdiction. *City of Gary v. Majestic Star Casino, LLC*, 905 N.E.2d 1076, 1080 (Ind. Ct. App. 2009), *trans. denied*. We may reconsider our motions panel's initial ruling on a motion to accept interlocutory jurisdiction. *Wise v. State*, 997 N.E.2d 411, 413 (Ind. Ct. App. 2013).

Durall filed his Motion to Reconsider the trial court's November 19, 2012 order on January 7, 2013. It is well established that a motion to reconsider does not "extend the time for any further required or permitted action, motion, or proceedings." Ind. Trial Rule 53.4(A).

The procedure for discretionary interlocutory appeals is governed by Indiana Appellate Rule 14(B), which provides, in relevant part:

> A motion requesting certification of an interlocutory order must be filed in the trial court within thirty (30) days after the date the interlocutory order is noted in the Chronological Case Summary unless the trial court, for good

4

> cause, permits a belated motion. If the trial court grants a belated motion and certifies the appeal, the court shall make a finding that the certification is based on a showing of good cause, and shall set forth the basis for that finding.

Here, the trial court's chronological case summary does not show that Durall filed a motion, belated or otherwise, for certification of an interlocutory order. Durall's Motion to Reconsider does not request certification of the November 19, 2012 order. The first reference in the record to an interlocutory appeal is in the transcript of the hearing on Durall's Motion to Reconsider. Thus, Durall failed to comply with Rule 14(B).

In addition, the trial court did not comply with Rule 14(B)'s requirements for belated certification of appeals. Specifically, neither the trial court's March 4, 2013 order nor its April 3, 2013 order states that there is good cause for belated certification of the November 19, 2012 order or sets forth the basis for such certification. Without proper certification, we have no jurisdiction to entertain an interlocutory appeal. *Wise*, 997 N.E.2d at 414.

## CONCLUSION

For the reasons stated above, we dismiss this interlocutory appeal without prejudice to Durall's right to appeal after the entry of a final judgment.

Dismissed.

BAKER, J., and NAJAM, J., concur.