# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 17 2020, 9:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Harve Hensley
Columbus, Indiana

ATTORNEY FOR APPELLEE

Kerry Thompson
Houston, Thompson and Lewis, PC
Scottsburg, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Harve Hensley,

*Appellant-Respondent,*

v.

Bronson Hensley, Jr.,

*Appellee-Petitioner,*

July 17, 2020

Court of Appeals Case No.
19A-TR-2376

Appeal from the Jefferson Circuit
Court

The Honorable Donald J. Mote,
Judge

Trial Court Cause Nos.
39C01-1710-MI-981
39C01-1712-TR-79
39C01-1712-EU-80

**Robb, Judge.**

# Case Summary and Issue

[1] Harve Hensley brings this interlocutory appeal from a June 7, 2019 order of the trial court addressing several pending motions in a dispute over Harve's father's estate. Considering *sua sponte* whether the appeal is properly before us, we conclude that the June 7 order was not properly certified for a discretionary interlocutory appeal. We therefore dismiss this appeal and remand to the trial court for further proceedings.

# Facts and Procedural History

[2] Bronson Hensley Sr. ("Hensley") executed a revocable living trust ("Trust") on November 1, 2006. Contemporaneously, he executed a Last Will and Testament ("Will") making no specific bequests and directing that the residue of his estate be distributed to the Trust and administered and distributed according to the Trust's terms. Hensley acknowledged five children in his will: Bronson Jr. ("Bronson"), Danny, Travis, Harve, and Amanda. At the time the Will was executed, Hensley was apparently in a relationship with Wilma Pottenger; at a later date, he and Pottenger were married.

[3] The Trust originally provided that Harve would receive $1,000 upon Hensley's death and distributed the remainder of the estate in equal parts between Bronson, Danny, Travis, Amanda, and Wilma. A 2007 amendment to the trust changed the amount of the bequest to Harve from $1,000 to $3,576.96 but indicated that same amount was paid to Harve on April 25, 2011. *See* Exhibits,

Volume III at 24. A handwritten letter found among Hensley's effects after his death explained that on April 25, 2011, Hensley paid off a car loan he had co-signed for Harve in the amount of $3,576.96 and "[t]his is Harve Hensley's inheritance in full." *Id.* at 49. The amendment also indicated Hensley's intent that the real estate held by the Trust should be liquidated and distributed as previously directed with the exception that Wilma could continue to live at Hensley's residence for six months after his death. *See id.* at 24. The remainder of the trust estate was still to be distributed in equal shares to Bronson, Danny, Travis, Amanda, and Wilma, but Amanda's share was to continue to be held by the trustee and distributed in equal monthly installments for ten years. *See id.* at 25.

[4] Hensley died on June 30, 2017. Bronson served as the successor trustee and was appointed personal representative of Hensley's estate as nominated by Hensley.[1] The Will was admitted to probate on December 13, 2017 under cause number 39C01-1712-EU-80 ("EU cause"). The Trust was docketed at the request of Harve and Amanda on December 15, 2017 under cause number 39C01-1712-TR-79 ("TR cause"). After June 7, 2019, all pleadings and orders were filed under both cause numbers.[2]

---

[1] Hensley nominated Wilma as first successor trustee and personal representative, but she died in 2012. Bronson was nominated as the second successor trustee and personal representative. *See id.* at 4, 18.

[2] Harve and Amanda filed an Action for Mandate under cause number 39C01-1710-MI-981 seeking an accounting from Bronson related to his actions under a durable power of attorney granted by Hensley. *See* Appellee's Appendix, Volume 4 at 58. Although this cause number was also included on pleadings and

[5] A family dispute arose about the control, possession, use, and disposition of the Trust property. In the EU cause, Harve filed a petition seeking to remove Bronson as the personal representative and appoint Harve in his stead. On December 30, 2018, the trial court entered an order denying the petition and stating, ""Harve Hensley is not the Personal Representative of the Estate or Trustee of the Bronson Hensley, Sr. Trust." Appellee's App., Vol. 4 at 45. On January 29, 2019, Harve filed a "Motion to Correct Error" from this order alleging he was prevented from offering evidence to support his petition. *See id.* at 47.

[6] In the TR cause, Bronson, as trustee, filed a petition requesting interpretation of the Trust to determine the beneficiaries entitled to distribution from the Trust. Specifically, Bronson contended that Harve "has no legal interest in the Trust [and] has no standing to raise any issues regarding the Trust or the Estate." *Id.*, Vol. 3 at 12.

[7] On March 8, 2019, Bronson, as trustee, filed a petition to sell a farm property in the TR cause, *id.* at 2, and as personal representative, filed a petition to sell a residential property in the EU cause, *id.*, vol. 4 at 51.

[8] On June 4, 2019, the trial court held a hearing on Harve's motion to correct error, Bronson's petitions to sell real property, and Bronson's petition for

_____

orders filed after June 7, 2019, including the order being appealed, it is unclear what action, if any, was taken on this matter and it does not appear to be directly involved in the orders at issue here.

interpretation of the Trust. On June 7, the court issued an order denying Harve's motion to correct error in the EU cause, granting the petitions to sell real estate to be further addressed in a separate order,[3] and determining, per Bronson's request for interpretation of the Trust in the TR cause, that the bequest to Harve was adeemed during Hensley's lifetime, that Harve is not the personal representative or the trustee, and that Harve has no further claims to assert and therefore lacks standing in the proceedings. The trial court also ordered that proceeds from the sales of the real property be held in Bronson's attorney's trust account until further order of the court and that the remaining parties confer and provide the court with dates to address further pending motions.

[9]     Beginning on July 12, Harve filed several motions seeking relief from the June 7 order. First, he filed a "Motion for Relief From Order due to Fraud Upon the Court" ostensibly alleging fraud upon the court by Bronson's attorney and seeking relief "*from the Court's Orders of June 7, 2019*" as "the sole beneficiary [with] the only standing to proceed forward in the pending matters." Appellee's App., Vol. 3 at 19, 22 (emphasis added). On July 20, Harve filed a motion to vacate the June 7 and July 10 orders due to alleged mistakes in the court's findings of fact in the June 7 order[4] and requesting "appropriate relief *from the*

---

[3] Also on June 7, the trial court issued a separate order in the EU cause approving the petition to sell the residential property, and on July 10, issued an order in the TR cause approving the petition to sell the farm.

[4] These alleged "obvious and indisputable" mistakes that "warrant[] immediate relief" are 1) that the court found the Trust was docketed on December 8, 2017 when the court's "record on file clearly state[s] that it

*June 7, 2019 Court Order* on Pending Motions by recognizing [Harve's] claim to assert in all matters [and f]urthermore, . . . [requesting] that the Court vacate both, the July [sic] 7, 2019 and July 10, 2019 Order[s] Approving Petition to Sell Real Estate effectively immediately." *Id.* at 27 (emphasis added). And on July 31, Harve filed an Emergency Motion to Stay Proceedings pending resolution of his July 20 motion to vacate orders. On August 2, the trial court denied Harve's July 12 motion for relief from order, July 20 motion to vacate orders, and July 31 motion for emergency stay of proceedings.[5]

[10] On September 3, 2019, Harve filed a motion to certify for interlocutory appeal the trial court's August 2 order which denied his "many attempts *for relief from the original June 7, 2019 Order* on Pending Motions[.]" *Id.* at 94 (emphasis added). In this motion, Harve both acknowledged that the issue for appeal was errors in the *June 7* order and that the June 7 order was "interlocutory and not final." *Id.* at 93. On September 6, the trial court certified the August 2 order for interlocutory appeal. This court granted Harve's motion to accept the interlocutory appeal on November 8, 2019 and stayed all proceedings in the trial court pending resolution of the appeal.

---

was The Matter of the Trust Created Under The Agreement Created by Bronson Hensley" (i.e. "trust under will") that was docketed and not "the Trust" and that it was docketed on December 15 not December 8, and 2) that the court found the Will was admitted to probate on December 12 when the court's "record on file clearly state[s] that the [Will]" was probated on December 13. *See id.* at 23-25.

[5] A motion filed July 23 seeking an emergency hearing had previously been denied.

# Discussion and Decision

[11]     A threshold issue we must address before considering the merits of Harve's appeal is whether this case is properly before us. *See DuSablon v. Jackson Cty. Bank*, 132 N.E.3d 69, 75 (Ind. Ct. App. 2019) ("It is the duty of this Court to determine whether we have jurisdiction before proceeding to determine the rights of the parties on the merits."), *trans. denied*. This court has jurisdiction over appeals from final judgments and over appeals of interlocutory orders under Appellate Rule 14. Ind. Appellate Rule 5(A) and (B). "An appeal from an interlocutory order is not allowed unless specifically authorized by the Indiana Constitution, statutes, or the rules of court. The authorization is to be strictly construed, and *any attempt to perfect an appeal without such authorization warrants a dismissal*." *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004) (emphasis added), *trans. denied*.

[12]     After careful review of the procedural history of this case as set out above, we conclude that Harve has not proceeded according to Appellate Rule 14. Exercising our discretion to reconsider the motions panel's decision on Harve's motion to accept jurisdiction, we deny the motion to accept jurisdiction of this interlocutory appeal and dismiss. *See Durall v. Weinberger,* 4 N.E.3d 207, 209 (Ind. Ct. App. 2014) ("We may reconsider our motions panel's initial ruling on a motion to accept interlocutory jurisdiction."); *cf. Sartain by & through Harding v. Trilogy Healthcare of Hamilton II, LLC*, 137 N.E.3d 1050, 1052 (Ind. Ct. App. 2019) (exercising the court's inherent authority to reconsider a motions panel

decision and dismissing an appeal upon revisiting the appellee's motion to dismiss), *trans. denied*.

[13] Harve is clear that the issues he raises on appeal stem from the trial court's June 7 Order on Pending Motions. *See* Amended Appellant's Brief at 4, 6 (describing the "nature of this case" as his "narrow constitutional *appeal of the original June 7, 2019 Order* on Pending Motions" and arguing he "is entitled to an order [from this court] *setting aside the June 7, 2019 Order* on Pending Motions") (emphasis added). Every one of Harve's July motions that were ultimately denied by the August 2 order sought relief from the June 7 order. The June 7 order denied Harve's "motion to correct error" from the trial court's order denying his petition to remove Bronson as personal representative; granted Bronson's petition requesting interpretation of the Trust in that the trial court found Harve was not a beneficiary, the personal representative, or the trustee and therefore had no standing in the EU or TR cause numbers; and granted Bronson's petitions to sell certain parcels of real estate.

[14] We begin by addressing the trial court's grant of Bronson's petitions to sell real property belonging to the estate. Appellate Rule 14(A)(4) provides that an appeal from an interlocutory order for the sale of real property is taken as a matter of right. If the June 7 order is appealable of right because of the order for the sale of real property, the other issues could also be raised in such interlocutory appeal. *See Tom-Wat, Inc. v. Fink*, 741 N.E.2d 343, 346 (Ind. 2001) (stating "an interlocutory appeal raises every issue presented by the order that is the subject of the appeal"). For two reasons, however, we conclude this

provision does not save Harve's appeal. First, Appellate Rule 14(A) also says that a notice of appeal must be filed within thirty days of an interlocutory order appealable of right. Harve did not file a notice of appeal within thirty days of the June 7 order and therefore forfeited his right to proceed as an interlocutory appeal of right. Second, Harve's appellate brief does not actually challenge the sale of those properties; instead, it focuses on the ruling regarding his standing to continue to participate in the EU and TR causes as the "rightful sole beneficiary and sole trustee" of Hensley's estate. Amended Appellant's Br. at 7. In *DuSablon*, we dismissed an appeal because the appellant failed to present an argument about the issue that provided a basis for appellate jurisdiction under Appellate Rule 14(A). 132 N.E.3d at 76-77; *see also S.R.W. by Bessette v. Turflinger*, 100 N.E.3d 285, 289 (Ind. Ct. App. 2018) ("It seems to us to defeat the purpose of allowing such interlocutory appeals if the party does not actually raise an issue regarding the [provision allowing appeal of right]"). Thus, the possibility this case could have proceeded as an appeal of right is foreclosed.

[15] Next, we address the denial of Harve's "motion to correct error." In December 2018, the trial court denied Harve's motion to remove Bronson as personal representative of Hensley's estate. Harve filed a "motion to correct error" from that order that was in turn denied by the June 7 order. Indiana Appellate Rule 2(H)(4) states that "a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59" is a final judgment. However, the December 2018 order was an interlocutory order because it was made before a final hearing on the merits and required "something to be done

or observed but [did] not determine the entire controversy." *In re Estate of Botkins*, 970 N.E.2d 164, 168 (Ind. Ct. App. 2012). Motions to correct error are proper only after the entry of a final judgment; any such motion filed prior to the entry of final judgment must be viewed as a motion to reconsider. *Snyder v. Snyder*, 62 N.E.3d 455, 458 (Ind. Ct. App. 2016). Thus, even though Harve titled his motion following the December 2018 order a "motion to correct error," it was in fact a motion to reconsider and the June 7 order was not a ruling on a motion to correct error such that the order would be considered a final judgment pursuant to Appellate Rule 2(H).[6]

[16] Finally, we address the trial court's disposition of Bronson's petition to interpret the Trust provisions. The trial court determined that pursuant to the Trust provisions, Harve is not a beneficiary and therefore had no standing to participate in the EU or TR causes. The June 7 order also made clear that the EU and TR causes were ongoing in that – at the least – property remained to be sold, distributions to the beneficiaries remained to be made, and additional motions remained to be decided. A final judgment "disposes of all claims as to *all parties*[.]" App. R. 2(H)(1). Although the June 7 order ended Harve's participation in these cases, it did not dispose of all claims as to all other parties.

---

[6] And, as with the order to sell property, if the June 7 order could have been considered a final judgment, Harve failed to file a notice of appeal within thirty days and therefore forfeited his right to appeal. *See* App. R. 9(A)(1), (5).

Notwithstanding the possibility of this having been an interlocutory appeal of right or a final judgment as discussed above, Harve has attempted to bring this appeal as a discretionary interlocutory appeal. Accordingly, we apply Appellate Rule 14(B), which sets forth the following procedure for initiating such an appeal:

> An appeal may be taken from other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal.

A motion requesting certification must be filed in the trial court within thirty days after the date of the interlocutory order. App. R. 14(B)(1)(a). But instead of requesting certification of the June 7 order within thirty days, Harve waited *thirty-five* days after the June 7 order was entered to file anything, and then began a campaign of filing repetitive motions in the trial court seeking relief from the June 7 order. Neither these repetitive motions nor the trial court's August 2 order denying these repetitive motions extended the time for Harve to seek certification of the June 7 order.

Harve did not file his certification motion until September 3, 2019, nearly ninety days after the June 7 order was issued. Under Appellate Rule 14(B)(1)(a), the trial court *could* have permitted a belated motion to certify if it found Harve had shown good cause and if the court set forth the basis for that finding. However, Harve did not request belated certification in his September 3 motion, and the trial court did not find good cause for granting belated certification in its September 6 order. Accordingly, the June 7 order was not

properly certified for interlocutory appeal and without proper certification, we have no jurisdiction to entertain this interlocutory appeal. *Wise v. State*, 997 N.E.2d 411, 414 (Ind. Ct. App. 2013). Thus, our earlier decision to accept jurisdiction was improper, and we accordingly dismiss this appeal.

# Conclusion

[19] For the reasons stated above, we dismiss this discretionary interlocutory appeal, lift the stay imposed by the order accepting jurisdiction, and remand to the trial court for further proceedings.

[20] Dismissed and remanded.

May, J., and Vaidik, J., concur.