**Donna GIBSON, Appellant–Plaintiff,**

v.

**G. David BOJRAB, M.D., and Pain Management Associates, P.C., Appellees–Defendants.**

No. 02A05–1008–CT–497.

Court of Appeals of Indiana.

June 8, 2011.

Gerald A. Griffin, Christopher F. Stevenson, Wilson Kehoe Winingham, LLC, Indianapolis, IN, Attorneys for Appellant.

Milford M. Miller, Mark W. Baeverstad, Rothberg Logan & Warsco, LLP, Fort Wayne, IN, Attorneys for Appellees.

## OPINION

BARNES, Judge.

### Case Summary

Donna Gibson appeals the judgment in favor of Dr. G. David Bojrab and Pain Management Associates, P.C., (collectively "Dr. Bojrab") on Gibson's medical malpractice claim. We affirm.

### Issue

Gibson raises one issue, which we restate as whether the trial court properly excluded evidence of a decision by a Medical Review Panel ("Panel") in an unrelated case against Dr. Bojrab.

### Facts

In 2003, Gibson was referred to Dr. Bojrab by another doctor after she developed neck pain radiating into her left arm. On October 20, 2003, Dr. Bojrab performed a cervical epidural steroid injection ("CESI") at the C4–5 interspace without complication. On November 17, 2003, Dr. Bojrab performed a second injection on the C5–6 interspace. During the procedure, Gibson said "ouch." Tr. p. 90. Dr. Bojrab stopped, and he asked Gibson where she felt it and if it was getting better. When Gibson indicated it was getting better, Dr. Bojrab continued the procedure. After the procedure, Gibson experienced pain and numbness in her arms and legs. Dr. Bojrab saw Gibson the next day, prescribed pain medication, and asked her to follow up in two days. Gibson sought follow-up care from another physician.

Although a Panel found that Dr. Bojrab had not breached the standard of care, Gibson filed a complaint in 2009 alleging that, as a result of Dr. Bojrab's negligence, she suffered injuries. At issue during the jury trial was the admissibility of a Panel decision involving another patient of Dr. Bojrab, Kevin Courtright, and that Panel's finding that Dr. Bojrab failed to meet the standard of care when he performed a CESI on Courtright in 2003.

In a motion in limine, Dr. Bojrab sought to exclude certain testimony by Dr. Beatty, who had served on the Panel in the Courtright matter and was expected to testify at trial on Gibson's behalf. Dr. Bojrab argued that Dr. Beatty's testimony regarding his previous service on a Panel judging Dr. Bojrab's care was irrelevant, highly prejudicial, and inadmissible character evidence. Gibson responded that Dr. Beatty's testimony was admissible to challenge Dr. Bojrab's credibility as an expert witness and was admissible because they were "highly similar" procedures. App. p. 16. On July 6, 2010, the trial court granted Dr. Bojrab's motion in limine. On July 8, 2010, Gibson filed a motion to reconsider the admissibility of evidence relating to the Courtright matter.

On July 12, 2010, the jury trial began. On July 15, 2010, the trial court issued an order granting Gibson's motion to reconsider stating, "If Dr. Bojrab testifies as to the standard of care, he will be testifying as an expert. As such, he can be impeached with prior claims of malpractice where the Medical Review Panel has concluded that Dr. Bojrab failed to meet the applicable standard of care." *Id.* at 87. After Dr. Bojrab testified, the trial court ruled that he had not opened the door to impeachment via the Courtright matter. Gibson made an offer of proof by questioning Dr. Bojrab. On July 19, 2010, the jury found in favor of Dr. Bojrab, and the trial court entered judgment accordingly. Gibson now appeals.

### Analysis

Gibson argues that the trial court should have admitted evidence of the Courtright

matter as direct evidence of Dr. Bojrab's negligence and as impeachment evidence. "We review a trial court's admission or exclusion of evidence for an abuse of discretion." *Dorman v. Osmose, Inc.,* 873 N.E.2d 1102, 1108 (Ind.Ct.App.2007), *trans. denied.* We will reverse only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or the reasonable, probable, and actual deductions to be drawn from those facts and circumstances. *Id.*

Before addressing Gibson's arguments, we note that this was a six-day jury trial, and Gibson has provided us with only a single 165–page volume of transcript on appeal. The transcript provided is consistent with Gibson's notice of appeal requesting only "All discussions held outside the presence of the jury between counsel and the Court from Monday, July 12, 2010 through Thursday, July 15, 2010 and all proceedings and testimony from July 16, 2010." Gibson's failure to provide us with a complete transcript has significantly hampered our review of this matter. We reluctantly proceed based on the limited transcript provided by Gibson.

### I. Direct Evidence

█ Gibson argues that she should have been permitted to introduce evidence of the Courtright matter during her case-in-chief. She contends that by granting Dr. Bojrab's motion in limine, the trial court precluded her expert, Dr. Beatty, "from testifying that as a member of a Medical Review Panel that he had previously found Dr. Bojrab's conduct to fall below the standard of care in a substantially similar CESI." Appellant's Br. p. 21. Gibson relies on *Van Bree v. Harrison County,* 584 N.E.2d 1114, 1120 (Ind.Ct.App.1992),

*trans. denied,* for the proposition "that evidence of prior or subsequent negligent acts is generally not admissible to show the defendant was negligent in a particular incident unless the proponent of the evidence lays a foundation of similar circumstances between the incidents." [1]

█ Before we can reach the merits, however, we must determine whether the issue was properly preserved. "Only trial objections, not motions in limine, are effective to preserve claims of error for appellate review." *Raess v. Doescher,* 883 N.E.2d 790, 796–97 (Ind.2008). A trial court's ruling on a motion in limine does not determine the ultimate admissibility of the evidence; that determination is made by the trial court in the context of the trial itself. *Clausen v. State,* 622 N.E.2d 925, 927 (Ind.1993). "Absent either a ruling admitting evidence accompanied by a timely objection or a ruling excluding evidence accompanied by a proper offer of proof, there is no basis for a claim of error." *Hollowell v. State,* 753 N.E.2d 612, 615–16 (Ind.2001).

Dr. Bojrab argues that Gibson's claim fails because she has not established that she made an offer of proof during her case-in-chief. Gibson argues that waiting to make an offer of proof until Dr. Bojrab was called as a witness by defense counsel does not preclude her from arguing that the Courtright matter could have been used as direct evidence of negligence.

We might have agreed with Gibson regarding the timing of an offer of proof if she had she sought the admission of such evidence during her case-in-chief, the trial court denied the request and then, as a practical matter, she waited until Dr. Bojrab testified to make an offer of proof.

---

1. The parties do not refer to the Indiana Rules of Evidence and rely on cases decided before the Indiana Rules of Evidence became effective in 1994 in their arguments regarding whether a prior Panel decision may be admitted as direct evidence of negligence.

The transcript of Gibson's case-in-chief, however, includes only two bench conferences on unrelated matters. Based on this record, Gibson has not established that she sought the admission of this evidence as direct evidence during her case-in-chief or that the trial court actually excluded any such evidence during her case-in-chief. Thus, there is no indication that Gibson gave the trial court the opportunity to make the determination regarding the admissibility of the evidence in the context of the trial itself. *See Clausen,* 622 N.E.2d at 927. Accordingly, Gibson has not established that the issue was properly preserved.

## II. Impeachment

■ Gibson argues that, because Dr. Bojrab testified as an expert witness, he should have been subject to cross-examination on the Courtright matter.[2] Specifically, Gibson contends, "the trial court erred in its analysis by insisting that Dr. Bojrab was only an impeachable expert witness if he provided specific testimony on the standard of care and whether he met it." Appellant's Br. p. 13. Gibson, however, made this precise argument when she asked the trial court to reconsider its ruling granting Dr. Bojrab's motion in limine. In her motion to reconsider, Gibson argued, "if Dr. Bojrab testifies as an expert concerning the applicable standard of care, Plaintiff should be allowed to present contrary evidence concerning the accuracy, consistency, and credibility of his expert opinion." App. p. 76.

In a bench conference prior to Dr. Bojrab's testimony, it was Dr. Bojrab who challenged the trial court's granting of Gibson's motion to reconsider, not Gibson. Gibson did not challenge the trial court's decision as to what testimony opened the door to cross-examination on the Courtright matter; instead, she only challenged the trial court's ruling that Dr. Bojrab's trial testimony did not open the door to such cross-examination.

■ "Issues not raised at the trial court are waived on appeal." *Cavens v. Zaberdac,* 849 N.E.2d 526, 533 (Ind.2006). To properly preserve an issue on appeal, Gibson was required, at a minimum, to show that she gave the trial court a bona fide opportunity to pass upon the merits of the claim before seeking an opinion on appeal. *See id.* To the extent Gibson now argues that *any* expert testimony by Dr. Bojrab opened the door to impeachment on the Courtright matter, that issue is waived.

■ Even assuming the trial court correctly ruled that, if Dr. Bojrab testified regarding the standard of care, he could be impeached with evidence of the Panel's finding in the Courtright matter, and incorrectly ruled that Dr. Bojrab did not open the door to such impeachment, Gibson has not established that the exclusion of the impeachment evidence was reversible error. "Even if a trial court errs in a ruling on the admissibility of evidence, we will only reverse if the error is inconsistent with substantial justice." *Linton v. Davis,* 887 N.E.2d 960, 965 (Ind.Ct.App.2008), *trans. denied.* "To determine whether an evidentiary error requires reversal, we assess the probable impact upon the trier of fact." *Id.; see also* Ind. Appellate Rule

---

**2.** It is unclear what evidence associated with the Courtright matter Gibson intended to use to impeach Dr. Bojrab's testimony. There is some indication that Gibson intended to use Dr. Beatty's deposition statement that as a member of a Panel he had previously found that Dr. Bojrab breached the standard of care. Exhibit G. p. 12. There is also some indication that Gibson intended to directly question Dr. Bojrab regarding the previous panel decision. Regardless, it is clear that Gibson intended to impeach Dr. Bojrab with the Panel's finding in the Courtright matter.

66(A) ("No error or defect in any ruling or order or in anything done or omitted by the trial court or by any of the parties is ground for granting relief or reversal on appeal where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties.").

 In an attempt to persuade us that the exclusion of the impeachment evidence was reversible error, Gibson argues that the trial court deprived her of the opportunity to demonstrate why Dr. Bojrab's methods and abilities were not fool-proof. She contends, "evidence of Dr. Bojrab's prior breach of the standard of care in performing a nearly identical procedure could have shaped the juror's minds, calling into question everything Dr. Bojrab detailed at trial." Appellant's Br. p. 20. This is simply an overstatement of the scope of the impeachment evidence the trial court would have permitted.

In its ruling, the trial court made clear that it would only permit Gibson to ask Dr. Bojrab "if there was ever been a prior act of medical malpractice that the Medical Review Panel has determined fell below the standard of care. That's it." Tr. p. 46. In discussing the parameters of impeachment, Gibson stated, "if I were to impeach with that I wouldn't say that the Medical Review Panel found against him but a member of a Medical Review Panel. I wouldn't try to create the illusion that— [.]" *Id.* at 49. The trial stated, "Alright but can't get into the specifics of the case." *Id.* Gibson may not now assert that the trial court denied her the opportunity to broadly question Dr. Bojrab regarding the Courtright matter.

Further, "It is a cardinal rule of appellate review that the appellant bears the burden of showing reversible error by the record, as all presumptions are in favor of the trial court's judgment." *Marion–*

*Adams School Corp. v. Boone,* 840 N.E.2d 462, 468 (Ind.Ct.App.2006). Gibson's failure to provide us with a complete transcript of the trial prevents us from assessing the probable impact the exclusion of the impeachment evidence had on the jury. As such, she has not established that the alleged error requires reversal.

### Conclusion

To the extent the issue was properly preserved, Gibson has not established that the trial court abused its discretion in excluding evidence of the Panel's conclusion in the Courtright matter. We affirm.

Affirmed.

RILEY, J., and DARDEN, J., concur.