Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 30 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**JOHN P. REED**
Abrahamson, Reed & Bilse
Hammond, Indiana

**DAVID E. WICKLAND**
Munster, Indiana

ATTORNEYS FOR APPELLEE:

**TERRANCE L. SMITH**
Smith & DeBonis, LLC
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| LITTLE CALUMET RIVER BASIN | ) | |
| DEVELOPMENT COMMISSION, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1106-PL-261 |
| | ) | |
| GARY MURPHY and LAKE COUNTY | ) | |
| TREASURER, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable John R. Pera, Judge
Cause No. 45D10-0702-PL-43

**March 30, 2012**

**MEMORANDUM DECISION—NOT FOR PUBLICATION**

**BRADFORD, Judge**.

In this eminent domain action, Appellant-Plaintiff State of Indiana, Little Calumet River Basin Development Commission ("the Commission") appeals a jury verdict of $332,172 in damages to Appellees-Defendants Gary Murphy and the Lake County Treasurer[1] (hereinafter, "Murphy"), for multiple easements placed on Murphy's property by the Commission. Upon appeal, the Commission argues that the trial court abused its discretion in excluding evidence that Murphy had purchased the property at a tax sale for $3900. The Commission also argues that the jury's verdict was excessive and against the manifest weight of the evidence. We affirm.

## FACTS AND PROCEDURAL HISTORY

In October 2003, Murphy, a businessman and developer, purchased undeveloped property located at 8013 Indianapolis Boulevard in Hammond, Indiana. The property, which lay on a floodplain, was on the eastern side of Indianapolis Boulevard, with I-80/I-94 to its north and the Little Calumet River to its south. The property consisted of 5.194 acres, 4.632 of which were zoned "commercial," and the remainder of which was zoned "open space." Murphy purchased the property at a tax sale.

---

[1] The Lake County Treasurer had an interest in the property to the extent that property taxes were owed.

On December 28, 2006, the Commission filed an eminent domain action seeking to appropriate various easements on the property for flood control and other purposes.[2] On April 17, 2007, the trial court entered an order of appropriation and condemnation granting the Commission's action for easements and appointing three appraisers to assess the value of the property for purposes of awarding damages. In a May 14, 2007 order, the trial court issued instructions to the appraisers, including that they could consider the "highest and best use" for the property in determining its fair market value. On June 1, 2007, the appraisers filed a report in which they valued the appropriated property at $23,000. Both the Commission and Murphy filed an exception to the appraisers' assessment, with the Commission arguing that the assessed value was too high, and Murphy arguing that it was too low. The Commission subsequently tendered $23,000 to the Lake Superior Court and offered to settle with Murphy for this amount. Murphy did not accept the offer.

Prior to trial, on June 10, 2010, Murphy filed a motion in limine seeking to exclude any mention or evidence of the price he paid for the property at the tax sale. This requested exclusion encompassed any witness testimony, either on direct or cross-examination; or any mention during *voir dire*, opening statements, or closing argument. The Commission objected to the motion. During a February 4, 2011 hearing, the trial court granted the motion.

At the February 7-11, 2011 trial, several witnesses testified regarding the fair market value of the property. Murphy presented testimony from licensed real estate broker and

---

[2] The easements deprived the property of practically all, if not all, of its value. The record indicates that the Commission would ultimately hold the deed to the property.

"level two assessor appraiser"[3] Edward Krusa and from licensed real estate appraiser Jeff Vale, who testified that the property was worth $1,829,520 and $778,400, respectively. Tr. p. 69. The Commission presented witnesses who assessed the property at significantly lower values: the court-appointed appraisers, who valued the property at $23,000; and two private appraisers, Jerry Kulik and Robert Gorman, who valued the property at $19,000 and $4000, respectively. At no point during trial did the Commission object or make an offer of proof regarding the price at which Murphy had purchased the property at the tax sale. Following trial, the jury awarded Murphy damages in the amount of $332,172. The trial court entered judgment on that amount, and on April 6, 2011, final judgment in that amount, plus interest, costs and fees, minus the $23,000 already paid, for a total judgment of $423,010.24 in favor of Murphy and against the Commission. On March 11, 20011, 2011, the Commission filed a motion to correct error claiming that the verdict was excessive and unsupported by the evidence. The trial court set a hearing for May 17, 2011 on the matter, and a response date for Murphy of April 1. Murphy did not file his response until April 13, 2011, causing the Commission to file a motion to strike his response on April 19, 2011. The trial court granted the Commission's motion to strike but denied its motion to correct error. This appeal follows.

---

[3] According to Krusa, a "level two assessor appraiser" is a certification for attending classes and taking examinations to create a foundation for determining property values for tax, market value, and use purposes. The Commission objected to Krusa's qualifications at trial, which the trial court overruled.

**DISCUSSION AND DECISION**

Upon appeal, the Commission challenges the trial court's judgment by claiming that it abused its discretion in excluding evidence or mention of the price Murphy paid for the property at the tax sale. The Commission also argues that the verdict is against the weight of the evidence.

## I.    Evidence

The trial court granted Murphy's motion in limine excluding any mention or evidence of the price he paid for the property at the tax sale. At trial, the Commission did not make an offer of proof or raise an objection to the exclusion of such evidence. Murphy argues that the Commission has therefore waived this claim.

Only trial objections, not motions in limine, are effective to preserve claims of error for appellate review. *Raess v. Doescher*, 883 N.E.2d 790, 796 (Ind. 2008). "A trial court's ruling on a motion in limine does not determine the ultimate admissibility of the evidence; that determination is made by the trial court in the context of the trial itself." *Gibson v. Bojrab*, 950 N.E.2d 347, 350 (Ind. Ct. App. 2011) (citing *Clausen v. State*, 622 N.E.2d 925, 927 (Ind. 1993). "'Absent either a ruling admitting evidence accompanied by a timely objection or a ruling excluding evidence accompanied by a proper offer of proof, there is no basis for a claim of error.'" *Gibson*, 950 N.E.2d at 350 (quoting *Hollowell v. State*, 753 N.E.2d 612, 615-16 (Ind. 2001)).

Here, the Commission is relying exclusively upon its motion in limine to preserve this claim for appeal. As the above authority demonstrates, motions in limine are generally

inadequate to preserve claims for appellate review. The Commission does not dispute this general rule but points out that occasional exceptions exist and should apply in the instant case. The Commission relies upon *Vehorn v. State*, 717 N.E.2d 869, 872-73 (Ind. 1999) and *Baker v. State*, 750 N.E.2d 781, 785 (Ind. 2001) for this proposition. In *Vehorn*, the trial court assured counsel that his motion in limine would also serve as a timely objection at trial. 717 N.E.2d at 872-73. In *Baker*, defense counsel engaged in a sidebar colloquy with the trial court immediately before certain testimony was presented at trial, and the trial court implicitly reaffirmed its motion in limine excluding it. 750 N.E.2d at 786-87. Here, neither such circumstance occurred, nor were there any facts suggesting that Murphy's tax sale purchase price was an issue before the court the day of trial. The trial court merely sustained Murphy's motion in limine after the parties presented their arguments in a hearing occurring three days before trial. Given the Commission's failure to raise the instant claim within the context of the trial, we must conclude that it is waived.

## II.   Verdict

The Commission additionally challenges the jury's $332,172 verdict by claiming that it is against the weight of the evidence. Jury damage awards are entitled to great deference from appellate courts. *Raess*, 883 N.E.2d at 795. A damage award will not be reversed if it "falls within the bounds of the evidence." *Id.* (quoting *Sears Roebuck & Co. v. Manuilov*, 742 N.E.2d 453, 462 (Ind. 2001) (internal quotation omitted)). We "'look only to the evidence and inferences therefrom which support the jury's verdict,' and will affirm it 'if there is any evidence in the record which supports the amount of the award, even if it is

variable or conflicting[.]'" *Id.* (quoting *Manuilov*, 742 N.E.2d at 462 (internal quotation omitted)).

We must conclude that the verdict fell within the bounds of the evidence. There is no dispute that there was expert evidence at trial demonstrating that, at the time of the taking, the property was worth as little as $4000 or as much as $1,829,520. The verdict falls comfortably within these bounds. In challenging the verdict, the Commission claims that the jury's verdict must have been based upon its acceptance of Vale's testimony during cross-examination that, if certain assumptions relating to zoning and wetlands mitigation were made, the property would be worth $332,172. The Commission further argues that this valuation did not take into account certain necessary costs for access to the property. While the jury's verdict may have exactly matched one part of Vale's testimony, we will not speculate regarding the basis upon which the jury reached its verdict, or which facts the verdict was likely based upon, so long as the verdict lies within the bounds of the evidence. The Commission's argument requires that we engage in such speculation, not only with respect to the verdict, but also with respect to the allegedly necessary factors missing from the verdict's calculus. As is evident here, real estate appraisals are based upon any number of factors, many of which are themselves based upon speculation, and we will not substitute our evaluation of their relative weight and merit for the jury's.

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.